[No. 24293. Department One. April 13, 1933.]

T. B. KELLY, *Respondent*, v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster,*
for appellant.

*Geo. H. Mullins,* for respondent.

MITCHELL, J.—T. B. Kelly was accidentally injured
by the caving of earth while working in a sewer ditch

[1]Reported in 20 P. (2d) 1105.

in Yakima, February 27, 1926. A report of the accident and a claim thereon were filed with the department of labor and industries and allowed. Thereafter, his case was closed, with a finding of six degrees permanent partial disability. The case was reopened. Later, it was closed as of and including December 20, 1928, with a finding of thirty-two degrees permanent partial disability. Thereafter, he applied to the department for a readjustment of his compensation on account of alleged aggravation of his disability. The application was denied on September 23, 1931. An appeal was taken to the joint board of the department, wherein, upon a hearing had, the joint board, on April 18, 1932, sustained the former order of the department refusing to reopen the case. An appeal was taken by the claimant to the superior court, where, in a jury trial, there was a verdict for the claimant. From a judgment on the verdict, the department of labor and industries has appealed.

The first assignment is that the court erred in granting the respondent a jury trial, over the objections of the appellant.

The statute provides that, except in certain kinds of cases where jury trials may be had as a matter of right, different from the present kind of case, "the calling of a jury shall rest in the discretion of the court." Rem. Rev. Stat., § 7697; Laws 1931, p. 263. The issue in the case was clearly defined by a written interrogatory submitted to the jury by the court, the form of it being acceptable to both parties, as follows:

"Has the plaintiff's disability as a result of the injuries received by reason of the accident on February 27, 1926, been aggravated since this claim was closed by the department of labor and industries on the 21st day of December, 1928?"

The issue thus presented was one of fact, to which trial by jury was, of course, decidedly appropriate.

Appellant cites *Murray v. Department of Labor & Industries,* 151 Wash. 95, 275 Pac. 66, in arguing this assignment of error. However, there was no jury trial in that case, nor was there any request for one. It was a case wherein the claimant, being dissatisfied with the degree of disability into which he was put by the department, appealed to the superior court. The particular question discussed in the decision was:

"A copy of the records and files of the department, together with a transcript of the testimony adduced upon the hearing before the joint board, was filed with the superior court as required by law, and upon that record the department moved for a dismissal of the appeal. This motion was, by the lower court, in a memorandum opinion, not only denied, but the court also, on the record alone, directed that judgment be entered reversing the department on the merits, whereupon appellant moved for an order of court setting the case for trial on a day certain, and made a written offer to prove certain facts deemed material for the defense of the action. This motion was denied. Findings of fact, conclusions of law and a decree were duly signed, and this appeal follows."

It was held that the trial court was in error, and that the motion to dismiss made by the department should have been treated as a motion for a nonsuit, after the denial of which the department should have been permitted to put in its proof according to the written offer made at that time. Elucidating the point of practice involved, the court said:

"We think the motion to dismiss by the department in this case was analogous to a motion for nonsuit, and that the department was clearly entitled to introduce any evidence it might have which would tend to uphold its decision, and the claimant might then introduce proper rebuttal testimony."

In the present case, we do not find any abuse of discretion on the part of the trial court in allowing a jury to try the sole issue of fact presented.

There is no doubt of the validity of the statutory rule relied on by the appellant and cited in *Frich v. Department of Labor & Industries,* 169 Wash. 282, 13 P. (2d) 67, and in the cases therein cited, to the effect that the decision of the department shall be *prima facie* correct, casting the burden of proof upon the one who attacks the decision. The jury was so instructed in the present case, in which there was testimony in addition to that before the department.

 Upon the merits of the case, a special interrogatory to the jury as to whether respondent's disability, as a result of the injuries received by reason of the accident on February 27, 1926, had become aggravated since the claim was closed by the department on December 21, 1928, was answered in the affirmative. Appellant claims that the evidence does not support the verdict. There was substantial evidence, however, by lay witnesses other than the respondent that his disability had continuously grown worse down until the date of the trial, June, 1932. The respondent testified to the same effect. Also, a surgeon, upon a personal examination of the respondent in August, 1931, and upon other information, testified that the respondent was suffering from the effects of the slipping of a vertebra near the loins, caused by the "sudden trauma or sudden jar of his body at the time that he had this cave in," that is, the accident while working in the ditch. There was evidence to the contrary, but this presented a dispute for the jury to decide.

 Once before, upon the claim being closed by the department, the complainant appealed to the superior court, and that appeal was dismissed on his own motion. In the present trial, the department offered in

evidence the claimant's petition before the department at that time, as containing admissions against interest, because of allegations in it that the claimant was then unable to do any kind of work; and also offered in evidence the order of the superior court dismissing that appeal. The first instrument was admitted, but the second one was refused. Such refusal is assigned by the appellant as error. There was no error in the ruling, in our opinion. The dismissal of that appeal was voluntary on the part of claimant, in no way objected to by the department, and did not constitute, nor is it now alleged or claimed to be, *res adjudicata*.

At the trial, the appellant introduced some new evidence pertaining to respondent's condition prior to the last hearing before the department, and thereafter the respondent was allowed, over appellant's objection, to introduce evidence which it is claimed was not in rebuttal of the new evidence introduced by the appellant. Error is assigned upon the admission of such rebuttal evidence as being contrary to the applicable statute, as construed in *Murray v. Department of Labor & Industries*, 151 Wash. 95, 275 Pac. 66. The matter of the precise limits of rebuttal evidence is a matter largely in the discretion of the trial court, and certainly liberality in that respect should not be condemned in a case like this, where the necessary theory of respondent's case, upon which he introduced substantial testimony, is the increasing aggravation of his disability caused by the original accident. There was no abuse of discretion in admitting the rebuttal testimony.

Other minor assignments, upon examination, are found to be without substantial merit.

Affirmed.

BEALS, C. J., MILLARD, and HOLCOMB, JJ., concur.