[No. 24938. Department Two. May 14, 1934.]

CHARLES COX, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*P. C. Kibbe*, for appellant.

*The Attorney General* and *Browder Brown, Assistant*, for respondent.

HOLCOMB, J.—This appeal is from a judgment by the trial court dismissing an appeal by the claimant from an order of the department on the ground that the statute of limitations barred the appeal.

Among other findings, the trial court made the following that are material: That claimant was injured on February 23, 1924, while engaged in extrahazardous employment; that he filed a claim with the department for compensation under the workmen's compensation act as provided therein; that his claim was recognized, compensation was allowed, and claimant was treated by the department and carried on the compensation roll for payment of time loss until April 10, 1925; that,

¹Reported in 32 P. (2d) 570.

*0*

on that date, the department closed the claim of claimant without any further compensation. The court further found that, thereafter, the department did, on one or more occasions, conduct a further investigation of claimant's condition, but no further compensation was paid and no further treatment given him by the department.

It was further found that, on November 9, 1932, claimant, through his attorney, filed a petition for a reopening of his claim; that the petition was brought to the attention of the joint board of the department, and on November 14, 1932, the joint board entered an order in which it recited: "It is ordered that the application be denied upon the ground that the statute of limitations has run against the claim."

The court further found, or concluded, that the order of the joint board in making and entering the above quoted order was within its powers, and that it did rightly construe the law.

The record shows that, up to April 10, 1925, when the claim was apparently closed, claimant had received about nine hundred dollars in time loss, and had been given medical treatment and hospitalization from the time his injuries were sustained. There is no contradiction in the record that claimant received the allowance made on April 10, 1925.

Although present counsel for appellant, who was not his counsel until the petition for the reopening of the claim was filed on November 9, 1932, contends that claimant received no notice of any order closing the claim by the department made March 27, 1929, there is no contradiction that the notice was sent by the department. In that notice, it was said that the department was unable to concur in the matters reported by certain doctors, and that the department could find no justification for reopening his claim.

Appellant relies chiefly upon that part of subdivision (h), § 7679, Rem. Rev. Stat., reading:

"Provided, however, That if within the time limited for taking an appeal from an order closing a claim, the department shall order the submission of further evidence or the investigation of any further fact, the time for appeal from such order closing the claim shall be extended until the applicant shall have been advised in writing of the final order of the department in the matter."

Under that statute, the application to reopen the case for further compensation must be made within three years after the establishment or termination of such compensation, or within three years after the taking effect of that act, *supra,* where the compensation had theretofore been established or terminated. *Schmeiling v. Department of Labor and Industries,* 167 Wash. 692, 10 P. (2d) 229. To the same effect is *Ferguson v. Department of Labor and Industries,* 168 Wash. 677, 13 P. (2d) 39.

No such application was made within the three years.

The record in this case differs so widely from that in *Taylor v. Department of Labor and Industries,* 175 Wash. 1, 26 P. (2d) 391, cited by appellant, that it is inapplicable here.

There can be no question that, on the record in this case, the department and the trial court were both right in holding that the attempt to reopen the claim by appellant was barred by the statute.

Affirmed.

BEALS, C. J., TOLMAN, GERAGHTY, and BLAKE, JJ., concur.