[No. 25152. *En Banc.* December 20, 1934.]

JOHN DRY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 39 P. (2d) 609.

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Clyde H. Belknap,* for respondent.

MILLARD, J.—On March 24, 1932, John Dry was injured by an accidental blow on the head from a hammer in the hands of a fellow workman. The following day, he filed with the department of labor and industries an accident report, claiming compensation for the injury he had sustained. Dr. F. E. Bertling, claimant's attending physician, reported to the department the nature of his patient's injuries, and estimated that his disability would last for two weeks. The claim was allowed by the department, and time loss thereon was paid until August 9, 1932. At that time, the supervisor of the department allowed claimant fifteen degrees for permanent partial disability and closed the claim.

Immediately, the claimant applied to the joint board for a rehearing, which was granted. A hearing was had on the claim on February 23, 1933, at Spokane, before an examiner. At that hearing, the claimant, his wife, three apparently disinterested lay witnesses, Dr. Bertling, who had attended claimant, Dr. Spiegel and Dr. Robinson testified. On April 17, 1933, the department made an order directing that claimant be again examined by Drs. George A. Downs and John H. O'Shea. The two physicians were authorized to make a further ventricular test to determine whether the condition of brain atrophy, of which claimant complained, had increased. It should be mentioned at this point that, under date of July 26, 1932, one of these physicians, in his report to the department, concluded that, from the ventricular study made by the other physician disclosing quite a considerable brain atrophy, "it is fair to assume that this atrophy is permanent and probably will increase." The department further requested the two physicians named to ascertain when the facial tic of which claimant was then complaining had appeared, and to determine the extent of his then disability.

Because of the agony to which he was subjected by the ventricular test and also for the reason that he had been advised that his life would be endangered thereby, claimant refused to submit to a further ventricular test. No further ventricular study was made. On May 8, 1933, Drs. O'Shea and Downs examined claimant and submitted their report to the department.

On June 19, 1933, the department entered an order directing another hearing before the joint board for the purpose of taking the testimony of Drs. O'Shea and Downs. This hearing was had in Spokane before two of the department's examiners on July 14, 1933. Both doctors were called and testified. At the conclusion of

the testimony of Dr. Downs on direct examination, counsel for claimant stated that he wished to reserve cross-examination of this witness "until we go to court," at which time he expected to cross-examine Dr. Downs. One of the examiners taking the testimony thereupon stated that Dr. Downs was there then and could be examined by counsel for claimant; that the department did not intend to call Dr. Downs at the time of the trial; that, if either claimant or his attorney desired to cross-examine Dr. Downs, he might "have the opportunity to do it now or call him as an adverse witness at the time of the trial."

It should be observed at this point that it is apparent that the department anticipated a report unfavorable to the claimant and an appeal from the department's rejection of his claim to the superior court. It is likewise clear that claimant's counsel expected nothing other than rejection of the claim, and apprehended a record that would sustain such order of rejection. We should also state at this stage, respecting the suggestion of the department's examiner that claimant's counsel could call the department's physician "as an adverse witness at the time of the trial," that, on claimant's appeal from the department to the superior court,

". . . the appellant shall not be permitted to offer, and the court shall not receive, in support of such appeal, evidence or testimony other than, or in addition to, that offered before the joint board or included in the record filed by the department . . ." Rem. Rev. Stat., § 7697 [P. C. § 3488]; *Murray v. Department of Labor & Industries*, 151 Wash. 95, 275 Pac. 66.

Counsel for claimant stated he was not prepared to cross-examine the physician at that time and would insist upon his right of cross-examination at the time of trial to the superior court, and "we will expect the department to have him present." Dr. O'Shea was

then called by the department. At the conclusion of the direct examination of this physician, counsel for claimant cross-examined him, and then stated that claimant would insist upon cross-examination of this witness ''if he so desires at the time of trial and also the right of rebuttal.''

On August 22, 1933, the joint board entered an order sustaining the action of the supervisor in refusing to reopen the claim upon the ground of aggravation of disability. From that order, the claimant appealed to the superior court for Spokane county. No witnesses were called, the cause being before the court upon the certified departmental record.

At the trial, an assistant attorney general, who represented the department, refused to produce as witnesses Drs. Downs and O'Shea and offer them for the purpose of cross-examination by claimant. The court gave the department's counsel the choice of producing the two witnesses or being punished for contempt, or striking the testimony of the two witnesses before the department. The department's counsel informed the court, ''Well, the state will not exercise any choice.'' Whereupon, the court ordered that the testimony of Drs. O'Shea and Downs before the joint board be stricken.

The trial court found that claimant was injured at the time and in the manner alleged in his claim; that his claim for compensation was closed August 9, 1932; that he had been paid, in addition to time loss, the sum of four hundred fifty dollars based upon an aggravation of fifteen degrees permanent partial disability; that his claim for aggravation of injuries was filed October 27, 1932, and denied December 21, 1932; that due and timely appeal was taken by claimant; and

''That since the order dated August 9, 1932, closing appellant's claim, the disability of claimant caused by

said original injury has been aggravated to such an extent that he is permanently incapacitated from performing any work at any gainful occupation, in that he suffers much pain, is unable to obtain needful sleep at night, is afflicted with twitching of muscles almost continually and suffers severe convulsions, jerking of muscles, with much increased pain at frequent intervals, all of which symptoms are greatly increased by work of any kind; that there is no likelihood that appellant's condition will improve.''

Based upon those findings, the court concluded, and entered judgment accordingly, that claimant's disability caused by the injury of March 24, 1932, has been aggravated to such an extent since the date his claim was closed that it should be classified as permanent total disability; and that the department should be directed to enter an order allowing claimant the full amount that may be authorized and payable to him for permanent total disability and from such allowance make no deductions in computing the amount, and also allowing attorney's fees and costs to claimant. From that judgment, the department appealed.

Appellant first contends that, as the statute (Rem. Rev. Stat., § 7697 [P. C. § 3488]) prohibits the claimant, on appeal to the superior court, from introducing any evidence other than that offered before the joint board or included in the record of the department, the trial court erred in striking the testimony of Drs. Downs and O'Shea given in the hearing before the joint board.

''On such appeal the hearing shall be de novo, but the appellant shall not be permitted to offer, and the court shall not receive, in support of such appeal, evidence or testimony other than, or in addition to, that offered before the joint board or included in the record filed by the department: Provided, That the right of cross examination shall not be limited by the testimony

before the joint board." Rem. Rev. Stat., § 7697 [P. C. § 3488].

If the above-quoted portion of the statute denying the right to a claimant to introduce any testimony other than that comprised in the record certified to the superior court but not so restricting the department, and providing that "the right of cross examination shall not be limited by the testimony before the joint board" means anything, insists respondent, it means that the claimant is entitled to have medical witnesses produced on the trial in the superior court.

In support of that interpretation, respondent argues: The cross-examination in the hearing before the joint board is hurried and informal. The record is much involved, and claimant has no adequate opportunity, prior to the hearing, to examine it. The department's testimony is given at a time when claimant's medical witnesses are not ordinarily present, and claimant is therefore without proper advice as to the vulnerability of the testimony presented by the department. Cross-examination presents no new issues, since the department has at all times access to the record, and presumptively has fully informed itself before the hearing of its contents and of all that its own witnesses knew about the case. No remedy other than striking the testimony, which has already been given, would have afforded adequate relief to claimant for the refusal of the department to produce witnesses for cross-examination.

The trial court was without authority to require appellant to produce the two witnesses. The order striking the testimony was erroneous, but that error is not prejudicial, in view of the fact that all of the evidence is before us, and the trial in this court, as in the superior court, is de novo. The evidence heard before the department constitutes the transcript of the

evidence on appeal to the superior court. It was the duty of the trial court to consider all of that evidence. In refusing to consider, or in striking a portion of, that evidence, the court committed error. However, on appeal to this court, we can consider the whole record in this class of cases—the transcript of the evidence before the department, the evidence offered in the trial court by the department, the testimony of the department's witnesses in the trial before the court and the claimant's cross-examination of the department's witnesses in the trial court—therefore, the error in striking the testimony of the two witnesses was not prejudicial.

■ The statute, so far as material to this appeal, reads as follows:

"The common-law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. . . . The remedy of the workman has been uncertain, slow and inadequate. . . . The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, . . . and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." Rem. Rev. Stat., § 7673 [P. C. § 3468].

"Whenever the department of labor and industries has made any order, decision or award, it shall promptly serve the claimant, employer or other person affected thereby, with a copy thereof . . . Any claimant . . . aggrieved by any such order, decision or award must, before he appeals to the courts, serve upon the director of labor and industries, . . . an application for rehearing before the joint board of said department . . . If a rehearing be granted it shall be heard in the county of the residence of the

applicant . . . Such rehearing shall be de novo and summary. . . . The joint board shall cause all oral testimony to be stenographically reported and thereafter transcribed, and when transcribed the same, with all depositions, shall be filed in, and remain a part of, the record on the rehearing. . . .

"An application for rehearing shall be deemed to have been denied by the joint board unless it shall have been acted upon within thirty days from the date of service . . .

"Within thirty days after the final order of the joint board upon such application for rehearing has been communicated to such applicant, or within thirty days after rehearing is deemed denied as herein provided, such applicant may appeal to the superior court of the county of his residence, but upon such appeal may raise only such issues of law or fact as were properly included in his application for rehearing, or in the complete record in the department. On such appeal the hearing shall be de novo, but the appellant shall not be permitted to offer, and the court shall not receive, in support of such appeal, evidence or testimony other than, or in addition to, that offered before the joint board or included in the record filed by the department: Provided, That the right of cross examination shall not be limited by the testimony before the joint board. The proceedings in every such appeal shall be informal and summary . . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy . . . on the director of labor and industries. . . .

"The department of labor and industries shall serve upon the appellant and file with the clerk of the court before trial, a certified copy of its complete record on the claim, which shall, upon being so filed, become a part of the record in such case.

"If the court shall determine that the department has acted within its power and has correctly construed the law and found the facts, the decision of the department shall be confirmed; otherwise, it shall be reversed or modified. . . . Appeal shall lie from judgment of the superior court as in other civil cases." Rem. Rev. Stat., § 7697 [P. C. § 3488].

The proviso "that the right of cross examination shall not be limited by the testimony before the joint board" is applicable only in cases where, on appeal to the superior court, the department calls witnesses, else it must be held to be contrary to the specifically declared policy of the whole act.

In the absence of such a statute as the foregoing, a claimant would have the right to call witnesses, and would also have the right to cross-examine witnesses called by the department. The statute clearly states that the claimant is restricted to the record certified by the department to the superior court; that other evidence in behalf of the claimant in the superior court is prohibited, but that the right that is his of cross-examination of the department's witnesses in the superior court is saved to the claimant.

A complete scheme of procedure is prescribed by the workmen's compensation act. Under its provisions (Rem. Rev. Stat., § 7697), on appeal from an order of the department to the superior court, the claimant must rest on the record made before the joint board; the claimant may not be permitted to offer, and the court may not receive, in support of the claimant's appeal, evidence or testimony other than that offered before the joint board. That is, evidence, other than that offered before the joint board or included in the record of the department, offered by the claimant would not be admissible. Under the statute, the department is entitled to introduce any testimony it may have on the trial in the superior court.

The statute declares that, while the right of introducing testimony is taken away from the claimant, his right of cross-examination (a right he would have unless divested thereof by statute) is not limited to the right to cross-examine witnesses in the hearing before the joint board, but includes the right to cross-

examine such witnesses as the department calls on the trial in the superior court. That is the effect of our holding in *Murray v. Department of Labor & Industries,* 151 Wash. 95, 275 Pac. 66, where we said:

"The evident purpose of this statute was to compel every claimant to produce all of his testimony before the joint board, so that the members thereof may be fully appraised of all the facts in order to render a proper decision; and ample opportunity is given for the claimant to fully and fairly present all of the testimony which he may have, which in any way might aid the department in passing upon his claim. There is nothing which requires the joint board to produce testimony of any kind. In fact, it will be noticed that, by the plain provision of the statute, the board may, without taking any testimony, deny the appeal and affirm the previous decision or award, or it may, without hearing, sustain the appeal and grant the relief, and in either of these events there might be nothing in the record which would apparently justify the action of the joint board. They might easily be acting because of their knowledge of facts gained by reason of their long experience in the department, all of which facts would be unknown to the court, provided an appeal was taken from their decision. . . . Also, it is provided that the certified copy of the complete record of the claim, prepared by the department and filed by the clerk of the court, 'shall become *a part* of the record in the case,' clearly indicating that there may be other and additional testimony taken, thus making more of a record than that contained in the report prepared by the department. The claimant being prohibited from introducing any other or additional evidence, it must come from the department if any is received.

"When the joint board acts upon a claim, it takes into consideration all of the evidence which has been submitted by the claimant. It may also take into consideration the opinion of its chief medical adviser and other officers, and their opinions may not appear in the record. . . . Assume that the court, on an examination of the record, finds that a *prima facie* case

is made in support of the claimant's claim. The case should then be set down for hearing, and the claimant must rest on the record as made before the joint board, being prohibited by statute from introducing any evidence or testimony other than that offered before the joint board, or included in the record of the department. The department is entitled, under the statute, to introduce any testimony it may have on the trial, because in the superior court, for the first time, the burden is placed upon the department to uphold its ruling. . . . the department was clearly entitled to introduce any evidence it might have which would tend to uphold its decision, and the claimant might then introduce rebuttal testimony.''

See, also, *Gross v. Department of Labor & Industries,* 177 Wash. 675, 33 P. (2d) 376, where we held that, as evidence on behalf of a claimant is not admissible on the trial in the superior court, a new trial can not be granted to the claimant by the superior court on the ground that the evidence is newly discovered, in view of the absence from the workmen's compensation act of any provision for a new trial on such ground; that, under the statute (Rem. Rev. Stat., § 7697 [P. C. § 3488]), it was essential that the claimant produce all of his testimony before the joint board, otherwise it could not be considered.

The statute (Rem. Rev. Stat., § 7697 [P. C. § 3488]), provides that the decision of the department must be considered as *prima facie* correct. It must be borne in mind, however, that it can not have the same presumptive effect when the testimony is before an examiner.

''The members of the joint board were in no better position to weigh and consider the testimony than was the superior court or than are we. They did not hear the witnesses testify, and received their impressions from a transcript of the testimony. Obviously, the statute (Rem. Rev. Stat., § 7697), which provides that the 'decision of the department shall be *prima facie*

correct,' although to be kept in mind, cannot have the same presumptive effect when the testimony is taken before an examiner and a transcript thereof submitted to the board, as where it is taken before one or more members of the board." *Cheney v. Department of Labor & Industries,* 175 Wash. 60, 26 P. (2d) 393.

See, also, *Sweitzer v. Department of Labor & Industries,* 177 Wash. 28, 30 P. (2d) 980, 34 P. (2d) 350.

The testimony in the record presented to the joint board and certified to the trial court amply sustains the findings of the trial court. Claimant testified that he was forty-two years old, had always been in good health prior to the accident, that his disability had continuously grown worse since his claim was closed, and that, before sustaining the disabling injury, he never had any nervous trouble. He was an interested witness, as was his wife, who corroborated him. There were three apparently disinterested lay witnesses who testified that respondent's condition had progressively grown worse since the time his claim was closed; that, prior to his injury, he had been very strong and able to work, but that, at the time of the hearing, the respondent was unable to work. That is, there was substantial evidence by lay witnesses other than the respondent that his disability had continuously grown worse down until the date of the hearing.

The testimony of the three medical witnesses, one of whom had attended him at the time of his injury and thereafter, one of whom had examined him twice, and the other several times, was to the effect that respondent's ailment would probably be progressive; and that, at the time of the hearing, the respondent was disabled as claimed. They all gave as their opinions that he was not simulating. The two physicians whose evidence was stricken submitted a report to the department July 26, 1932, to the effect that the ventricular study made by Dr. Downs "shows quite a con-

siderable brain atrophy. It is fair to assume that this atrophy is permanent and probably will increase." The report of the physician to the department December 13, 1932, states: "In my opinion, there has not been any aggravation in this case since my previous examination was made on July 26th, 1932."

The report of the two physicians under date of May 8, 1933, that "there has been no aggravation of Mr. Dry's condition due to the accident since examination of July 26, 1932," sharply conflicts with the testimony of three other physicians, three lay witnesses, the respondent and the respondent's wife, and is not consistent with the opinion of the department's two physicians under date of July 26, 1932, that it is fair to assume that respondent's brain atrophy is permanent and probably will increase. That such progress was made by the disease, is supported by an abundance of evidence.

Our examination of the record certified by the department to the trial court convinces us of the correctness of the trial court's findings, conclusions and judgment.

"The decision of the joint board was based solely upon the record and files of the department and testimony taken before examiners. The case was presented on the same record in the superior court, no additional evidence having been offered before the trial judge. The cause is here for trial *de novo*. *Johnston v. Department of Labor and Industries,* 163 Wash. 549, 2 P. (2d) 67. In considering the record, we shall bear in mind that the statute provides that the decision of the department shall be *prima facie* correct, but we must also take into account the fact that the joint board and the trial court decided the case on the same record presented to us; neither having a better opportunity to judge the credibility of witnesses than we have. *Cheney v. Department of Labor and Industries,* 175 Wash. 60, 26 P. (2d) 393." *Peterson v. Department of Labor and Industries,* 178 Wash. 15, 33 P. (2d) 650.

■ Appellant next argues that the judgment is invalid on its face, quoting *Taylor v. Department of Labor & Industries,* 175 Wash. 1, 26 P. (2d) 391, as an identical situation, to this effect:

"While the full record has been presented, the courts are not at liberty to consider the same upon the merits, because to do so would contravene the express policy of the law, which requires, first, a decision on the merits by the joint board of the department. Rem. Rev. Stat., § 7697."

The situation in the case at bar is quite different from that in the case cited. In the case before us, a decision on the merits was made by the joint board of the department. In the case upon which appellant relies, the joint board had refused to pass upon the merits because of supposed lack of jurisdiction. We held that the joint board had jurisdiction and referred the case back to it. No jurisdictional question is involved in the case at bar.

■ Appellant finally contends that the award was erroneous for the reason that it should have been reduced by the amount of the former partial disability allowance. In *Arnold v. Department of Labor & Industries,* 168 Wash. 300, 11 P. (2d) 825, we held that an aggravation of an original injury resulting in permanent total disability entitles an injured workman to compensation for total disability without deduction for a previous award for partial disability, under the provisions of Rem. Rev. Stat., § 7697 [P. C. § 3488].

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, STEINERT, BLAKE, and GERAGHTY, JJ., concur.

HOLCOMB, J. (concurring specially)—The prevailing opinion is meticulously accurate and comprehensive in the statement of the facts and issues, and has my hearty concurrence in the result. It seems to me, how-

ever, that a reasonable, logical construction could be given the proviso relating to cross-examination which would make it useful rather than useless.

In the instant case, the action of the examiners was arbitrary, and amounted to oppression. The department had refused permission to have the record in the case sent to Spokane, although it had a Spokane branch office, and the doctors desired to be cross-examined resided there. Counsel for claimant could not possibly have had any bad faith in asking for an examination of the record, and had no other opportunity to carefully examine it until the rehearing before the examiners. Cross-examination before the examiners would have been futile. If the statute respecting the cross-examination is to be of any use whatever, when the department is notified that expert witnesses should be produced for cross-examination if and when a rehearing in the superior court is necessary, that right should be accorded.

TOLMAN, J., concurs with HOLCOMB, J.