[No. 26085.  Department One.  July 13, 1936.]

ANDREW STRMICH, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Browder Brown, As-
sistant,* for appellant.

*Ray W. DeKraay* and *Harry Ellsworth Foster,* for
respondent.

GERAGHTY, J.—Following an injury to his right arm,
sustained while engaged in extrahazardous employ-
ment, respondent filed a claim for compensation with
the department of labor and industries.  Being dis-
satisfied with an allowance of six degrees permanent
partial disability made by the department, he appealed
to the superior court, which allowed compensation for
five additional degrees.  This allowance was paid, and
the claim closed by the department.

Subsequently, the case having been reopened, a
claim for additional compensation was denied by the
joint board.  Respondent appealed from this ruling to
the superior court.  The case was tried to the court,
which made findings of fact and conclusions favorable

[1]Reported in 59 P. (2d) 372.

to the respondent and entered judgment awarding him compensation for twelve additional degrees of permanent partial disability, or three hundred sixty dollars, this award being made on account of an aggravation to his injury, subsequent to the time of the prior award. The department appeals from this judgment.

■ We have before us an incomplete statement of facts, not embodying the departmental record and certified by the trial judge to contain

" . . . all the evidence and testimony introduced upon the trial of the said cause upon the part of the defendant, together with all objections and exceptions made and taken to the admission or exclusion of the testimony, but does not contain any of the evidence offered on behalf of the plaintiff."

In *Simmons v. Department of Labor and Industries,* 175 Wash. 290, 27 P. (2d) 567, the court reaffirmed the controlling rule under this state of the record:

"We have repeatedly held that we will not in any case say that the judgment of the trial court is wrong upon questions of fact unless we have before us all the evidence upon which that court passed judgment, and that this fact must affirmatively appear from the record. The presumption is that the court acted upon sufficient evidence."

We must assume, therefore, that the findings were warranted by the evidence received by the trial court; and, as the findings sustain the judgment, it must be affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and STEINERT, JJ., concur.