[No. 26247. *En Banc.* May 17, 1937.]

G. L. HUNTER, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 68 P. (2d) 224.

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Yantis & Brodie,* for respondent.

STEINERT, C. J.—In a proceeding arising under the workmen's compensation act, and after the original claim therein had been closed, the injured workman made application to the department of labor and industries to have his claim reopened and compensation allowed on the ground of aggravation of injuries. The application was denied, and the claimant thereupon appealed to the joint board, which, in turn, affirmed the order of the department. The claimant thereupon appealed to the superior court. After a hearing, the court made findings of fact and conclusions of law, and thereupon entered judgment reversing the order of the department and remanding the cause for further action on the claim for additional compensation. The department has appealed.

The respondent has moved in this court for an order striking the statement of facts because it was not timely served and filed, and also for an order striking the departmental record on the ground that it was erroneously made a part of the transcript on appeal, instead of being incorporated as a part of the statement of facts.

■ We will first consider the motion to strike the statement of facts.

The judgment was rendered April 20, 1936. The statement of facts was served and filed July 29, 1936, which was ten days after the expiration of the time allowed for that purpose by rule of practice VII, Rem. Rev. Stat., § 308-7 [P. C. § 8676-10]. We have repeatedly held that a statement of facts filed after the time prescribed by the statute will, upon motion, be stricken. *McCrabbe v. Jones,* 171 Wash. 326, 17 P. (2d) 860; *Kaplow v. McCrory,* 175 Wash. 578, 27 P. (2d) 1107; *State v. Parkinson,* 181 Wash. 69, 41 P. (2d) 1095; *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123.

This rule applies with equal force to cases arising under the workmen's compensation act. *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567. The motion to strike the statement of facts is, therefore, granted.

■ We will next consider the motion to strike the departmental record.

Respondent contends that, inasmuch as, by Rem. Rev. Stat., § 7697 [P. C. § 3488], the applicant for workmen's compensation may not, upon appeal to the superior court, offer any evidence or testimony other than, or in addition to, that offered before the joint board, or included in the record filed by the department, therefore such evidence is properly a part of the statement of facts and can not be brought to this

court as part of the transcript on appeal. Respondent's conclusion is that, since the statement of facts must be stricken, the departmental record, considered as a component part of the statement of facts, must likewise be stricken. We do not agree with this contention.

Rem. Rev. Stat., § 7697, provides, among other things, that a certified copy of the departmental record shall be filed with the clerk of the court before trial and, when so filed, shall become a part of the record in such case. See Vol. 8, Rem. Rev. Stat., p. 742.

Rem. Rev. Stat., § 395 [P. C. § 7823], specifies in detail what shall be a part of the record in a given cause, and includes therein all papers and matters hitherto deemed a part of the record. It then provides that it shall not be necessary or proper, for any purpose, to embody such parts of the record in any bill of exceptions or statement of facts.

Rem. Rev. Stat., § 391 [P. C. § 7819], provides that the statement of facts shall be certified to contain all material facts, matters and proceedings not already a part of the record.

Rule of practice X, Rem. Rev. Stat., § 308-10 [P. C. § 8676-13], governing appellate procedure, provides that, within thirty days after an appeal shall be taken, the clerk of the superior court shall prepare, certify and file in his office a transcript containing so much of the record and files as the appellant shall deem material to the review of the matters embraced within the appeal and thereafter, within a prescribed time, send such transcript and the briefs then on file to the supreme court. The rule then provides that the papers and copies so sent up, together with any thereafter sent up, as provided therein, shall constitute the record on appeal. The rule further provides that any

bill of exceptions or statement of facts on file when the record is forwarded shall be sent up as a part thereof. See, also, Rem. Rev. Stat., § 1729 [P. C. § 7305], wherein a similar procedure is prescribed.

It is thus apparent that a bill of exceptions or statement of facts is but a part of the record, and that it is unnecessary to incorporate therein that which is itself already a part of the record. The departmental record herein being, by statute, a part of the record in the case, it was unnecessary to include it in the statement of facts, which likewise is only a part of the record. The motion to strike the departmental record from the record on appeal is, therefore, denied.

■ This leaves the record in this situation: We have before us the departmental record, but no statement of facts. To put the matter in another way, we have before us a part of the record, but in the absence of a statement of facts we can not know or say whether we have the entire record bearing upon the facts involved.

We have definitely laid down the rule that we will not in any case say that the judgment of the trial court is wrong upon questions of fact, unless we have before us all the evidence upon which the court passed judgment, and that this fact must affirmatively appear from the record. The presumption is that the court acted upon sufficient evidence. Authorities upon this point are assembled in *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567. See, also, *Strmich v. Department of Labor & Industries,* 186 Wash. 649, 59 P. (2d) 372.

In the absence of a statement of facts in this case, we are unable to say upon what evidence the court based its findings, or that its findings were based solely upon the departmental record. The only question then left is whether the findings and conclusions

support the judgment. *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567; *Strmich v. Department of Labor & Industries,* 186 Wash. 649, 59 P. (2d) 372.

On the merits of the case, two questions are presented. The first arises upon appellant's assignments of error based upon a finding of fact made by the court.

This assignment will not be considered because, the statement of facts having been stricken, leaving the record incomplete on the question of fact, it must be assumed that the court acted upon sufficient evidence.

The second, and principal, question in the case is based upon a group of assignments challenging the sufficiency of the findings to support the court's conclusions and judgment. This is a question of law arising out of the findings themselves and is independent of any reference to the statement of facts or departmental record.

The necessary facts to be considered in this connection, and as found by the court, are these: Respondent, while engaged in extrahazardous employment covered by the workmen's compensation act, was injured on March 25, 1931, and was thereafter allowed compensation by the supervisor of the department. The claim was closed January 12, 1932, by the payment to respondent of time loss and eight degrees permanent partial disability. The respondent's appeal from the order closing the claim was affirmed by the joint board. The respondent then timely appealed to the superior court, and, upon a hearing, judgment of dismissal of respondent's case was entered November 12, 1932.

On June 6, 1935, respondent filed a petition before the department for the reopening of his claim on the ground of aggravation of injuries. The petition was

denied by the department, and subsequently by the joint board, on the ground that the statute of limitations had operated against the claim. From the order denying the petition to reopen, respondent in due time appealed to the superior court.

From these findings touching the matters above referred to, the court concluded that respondent's rate of compensation had not been established, nor his compensation terminated, until the entry of the judgment of the superior court on November 12, 1932; that the petition to reopen the claim for aggravation of injuries, filed June 6, 1935, was within three years after the establishment or termination of compensation; and that, therefore, respondent was entitled to have his claim for aggravation heard upon its merits by the department. The judgment of the court followed the theory of its conclusions.

The applicable statute is Rem. Rev. Stat., § 7679 [P. C. § 3472] (h), the pertinent part of which reads as follows:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries . . . may, upon the application of the beneficiary, *made within three years after the establishment or termination of such compensation,* or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: . . . " (Italics ours.)

The question raised by the challenging assignments is whether the three-year period for filing an application to readjust compensation on account of aggravation of disability began, in this instance, to run from the date on which respondent's original claim was closed by the supervisor, namely, January 12, 1932,

or from the date on which the superior court entered its judgment dismissing respondent's first appeal, namely, November 12, 1932. If the period of limitation began to run from the time that the claim was originally closed by the department, then the claim for readjustment, filed June 6, 1935, was barred; if, on the other hand, the period began with the entry of the court's judgment, then the claim for readjustment was not barred.

It may appear from a casual or first reading of Rem. Rev. Stat., § 7679 (h), considered by itself, that it has reference solely to the decision of the director or supervisor of the department in establishing or terminating compensation, and that the statutory period begins to run from the date of such decision of that officer. Appellant contends that the statute should be so construed. It is to be noted, however, that Rem. Rev. Stat., § 7679 (h), does not say, nor indicate, that the application for readjustment must be made within three years after establishment or termination of compensation *by order of the supervisor or of the joint board.* The legislature might have specified some particular date from which the three-year period should run, as, for instance, the date of the supervisor's order, the date of the injury, or the date of the last payment to the workman.

Some states, in the provisions of their workmen's compensation acts, have specified one, or another, of such dates. But our legislature has not as yet seen fit to do so. It has employed only general language with reference to the establishment or termination of compensation, and has made no specific declaration as to the point of time or the character of the adjudication at or by which the compensation shall be established or terminated. Undoubtedly, the supervisor would be expected, and is authorized, in the first in-

stance, to establish or terminate the compensation, but his act is not final in the sense of being conclusive in all events.

Section 7679 (h) must be read and considered in connection with the remainder of the workmen's compensation act, and particularly with Rem. Rev. Stat., § 7697. The act as a whole outlines a complete scheme of procedure for the relief of workmen injured in extrahazardous employment. *Gross v. Department of Labor & Industries,* 177 Wash. 675, 33 P. (2d) 376; *Dry v. Department of Labor & Industries,* 180 Wash. 92, 39 P. (2d) 609. Section 7697, as it now stands, affords a complete review by the court having jurisdiction of the parties. *Johnston v. Department of Labor & Industries,* 163 Wash. 549, 2 P. (2d) 67. By § 7697, every order, decision, or award of the department, by which any claimant, employer, or other person may be aggrieved, is subject to review by the court on appeal. The hearing upon such appeal is *de novo* and summary, and, with certain exceptions, the court may, in its discretion, call a jury. Upon its determination of the appeal, the court is required to confirm, or else to reverse or modify, the decision of the department. The statute further provides that, except as prescribed therein, the practice in civil cases shall apply; and that, from the judgment of the superior court, an appeal shall lie as in other civil cases. The court, therefore, has full authority to review an order of the supervisor, when affirmed by the joint board, touching the matter of establishment or termination of compensation.

The order or decision of the department, resting upon findings made by that board, amounts to a judgment which becomes final and binding upon the department and the claimant, *unless* reversed or modified upon appeal to the court. *Abraham v. Department of*

*Labor & Industries,* 178 Wash. 160, 34 P. (2d) 457; *Luton v. Department of Labor & Industries,* 183 Wash. 105, 48 P. (2d) 199. Stated somewhat more specifically, and as we now hold, such judgment of the department is final in the sense that an appeal may be taken therefrom, but its conclusive effect is suspended until affirmed by the superior court, if an appeal from the judgment be timely taken.

In support of its contention, appellant cites and relies upon the following compensation cases decided by this court: *Ek v. Department of Labor & Industries,* 181 Wash. 91, 41 P. (2d) 1097; *Stevich v. Department of Labor & Industries,* 182 Wash. 401, 47 P. (2d) 32; *Botica v. Department of Labor & Industries,* 184 Wash. 573, 52 P. (2d) 332; to which may be added *Cloquet v. Department of Labor & Industries,* 154 Wash. 363, 282 Pac. 201, and *Cox v. Department of Labor & Industries,* 177 Wash. 529, 32 P. (2d) 570. In none of those cases, however, did the injured workman appeal from the original order establishing or terminating his compensation. Because of that very fact, the decision of the department became final and binding. In the *Ek* case, *supra,* it was said:

"The rejection of the claim by the department was a final judgment; and when the time for appeal expired, that judgment became a complete and final adjudication, . . . "

In the case at bar, however, an appeal was taken from the department's order, and therefore the decision as to the claimant's compensation and its termination did not become final and conclusive until the decision was affirmed by the superior court on November 12, 1932. If, in the *Ek* case, the expiration of the time for appeal was necessary to establish the finality and completeness of the adjudication, it must follow that, had an appeal been taken therein, the

finality and completeness of the adjudication would have been postponed until the appeal was determined. That is the exact situation presented by the facts in this case. The decision of the department became final and conclusive only when it was affirmed by the superior court. The petition for reopening the claim for readjustment was filed within three years after the entry of the judgment of affirmance.

The judgment of the superior court involved in the present appeal is affirmed.

BEALS, BLAKE, GERAGHTY, TOLMAN, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting in part)—The motion to strike the departmental record should be granted. I am mindful of the statutory provision (Rem. Rev. Stat., § 7697) that the department of labor and industries shall serve upon the appellant, and file with the clerk of the superior court for trial, a certified copy of its complete record on the claim, which shall, upon being so filed, become a part of the record in such case. It should be noted that there is no language in the statute indicative of legislative intent that the departmental record shall become other than "a part of the record in such case." Surely, had the legislature intended the departmental transcript to constitute a part of the record on appeal to the supreme court, it would have said so.

In 1893, just eighteen years prior to the passage of the workmen's compensation act, an act (chapter 60, Laws of 1893, p. 111, Rem. Rev. Stat., § 381 [P. C. § 7809] et seq.) was passed by the legislature regulating the taking of exceptions, and settling and certifying bills of exceptions and statements of facts. Section 15, p. 117, of that act, which is Rem. Rev. Stat., § 395 [P. C. § 7823], specifies in detail what shall be a

part of the record in a given cause, and includes therein all papers and matters hitherto deemed a part of the record. The section reads as follows:

"All reports of referees or commissioners, with the testimony and other evidence returned into court therewith, all findings of fact and conclusions of law made in writing by a judge, referee or commissioner and signed by him, all charges to a jury made wholly in writing, all instructions requested in writing to be given as part of a charge, all verdicts, general or special, and all rulings and decisions embodied in a written judgment, order or journal entry in the cause, together with all exceptions, if any, taken to any thereof, as well as all papers and matters hitherto deemed a part of the record, shall be deemed and are hereby declared to become, upon being filed in the cause, or, as the case may be, embodied in a journal entry, a part of the record in the cause, for all the purposes thereof and of any appeal therein; and it shall not be necessary or proper, for any purpose, to embody the same in any bill of exceptions or statement of facts."

It will be observed that the legislature provided that the things detailed in the above quoted section, when filed in the cause or embodied in a journal entry,

". . . shall be deemed and are hereby declared to become . . . a part of the record in the cause, for all the purposes thereof and of any appeal therein; . . ."

It will be further observed, upon a reading of that statute, that the legislature clearly, specifically and definitely stated:

". . . and it shall not be necessary or proper, for any purpose, to embody the same in any bill of exceptions or statement of facts."

That is, when the legislature provided in Rem. Rev. Stat., § 395, that certain papers in a given cause became a part of the record upon being filed in the cause

or embodied in a journal entry, the legislature specifically provided in that act that it is not necessary or proper to embody such parts of the record in any bill of exceptions or statement of facts. When Rem. Rev. Stat., § 7697 [P. C. § 3488], is read in the light of Rem. Rev. Stat., § 395, it is clear that, had the legislature intended that the departmental transcript filed in the superior court should not be a part of the record in any bill of exceptions or statement of facts, it would have said so. Not having said, after making the transcript a part of the record by filing in the superior court, that it shall not be necessary or proper to embody such record in any bill of exceptions or statement of facts, there is no authority for the position taken by the majority.

I fail to see how Rem. Rev. Stat., § 1729 [P. C. § 7305], and rule of practice X, Rem. Rev. Stat., § 308-10 [P. C. § 8676-13] governing appellate procedure and providing that the matters to be certified to this court on appeal shall constitute the record on appeal, and that any bill of exceptions or statement of facts on file when the record is forwarded, shall be sent up as a part of the record, sustain, or even tend to sustain, the position of the majority that, by reason of that statute and rule, a bill of exceptions or statement of facts is but a part of the record, and that it is unnecessary to incorporate therein that which is itself already a part of the record.

We have consistently held that, in the absence of a statute to the contrary, a bill of exceptions or statement of facts is without efficacy as evidence, unless visaed by the trial court. Its virtue as evidence is dependent upon the trial court's certificate. The transcript of the department filed with the clerk of the court in which the trial was had is without efficacy as evidence so far as a review thereof on appeal is con-

cerned, until such transcript is legitimated as evidence by the trial court's certificate.

It is a prerequisite to consideration by this court that the evidence be certified to this court by the trial court. There must be a signature of formal approval by the superior court upon any document purporting to be a bill of exceptions or a statement of facts or anything else that is to be considered in this court for the purpose of its review as evidence. There can be no evidence brought to this court, except as provided by Rem. Rev. Stat., § 395, save by a bill of exceptions or by a statement of facts.

There is another provision (Rem. Rev. Stat., § 7697) of the workmen's compensation act, to the effect that an appeal to this court shall lie from a judgment of the superior court as in other civil cases. In the light of Rem. Rev. Stat., § 395, and in view of other statutory provisions prescribing the method of bringing to this court and obtaining a review of the evidence, I cannot agree that there can be a review of any evidence unless it is made a part of the statement of facts or bill of exceptions which has been properly certified as such bill of exceptions or statement of facts. We have consistently held that the certificate of the trial judge that the statement of facts contains all of the material facts, etc., is conclusive. So far as review in this court is concerned, such a statement of facts contains all the evidence, and only the evidence thus transmitted may be considered in this court on appeal. We have held times without number that, in the absence of a statement of facts certified by the trial court as containing all the evidence, it must be presumed that the trial court correctly disposed of all questions of fact.

I repeat that a bill of exceptions or statement of facts is necessary to preserve, as a part of the record

on appeal, the evidence adduced in the trial court. Evidence improperly included in the clerk's transcript or any other parts of the record prepared by the clerk, cannot be considered by this court unless such evidence is made a part of the record by a bill of exceptions or statement of facts.

*The departmental transcript is evidence and is a part of the record in the trial court,* but *it is not a part of the record on appeal.* It cannot be considered by us unless it is brought to this court by a bill of exceptions or a statement of facts. And this is true although the departmental transcript is set out in the transcript of the clerk of the superior court and certified by that clerk. This rule is applicable to all evidence except in the class of cases falling under the provisions of Rem. Rev. Stat., § 395. Clearly, the departmental transcript not being a part of the statement of facts, it constitutes no part of the record on appeal and should be stricken. No good purpose would be served by citing and analyzing the many opinions which sustain this position.

The majority opinion is not in accord either with the letter or the spirit of the statutes. I cannot consent to promulgation by an opinion of the rule enunciated in the majority opinion, which rule is out of harmony with the statutes.

MAIN and HOLCOMB, JJ., concur with MILLARD, J.