[No. 26499.   *En Banc.*   April 28, 1938.]

INEZ HODGEN, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Hubbert & Mullins,* for respondent.

[1]Reported in 78 P. (2d) 949.

STEINERT, C. J.—This is an appeal by the department of labor and industries from a judgment of the superior court reversing an order of the department upon a claim for compensation under the industrial insurance act.

Claimant, Inez Hodgen, was injured in the course of her employment in an apple-packing plant in Yakima. She presented her claim to the supervisor and thereafter submitted herself to examination by a commission of three medical specialists selected by the department. Upon receipt of the medical report, the supervisor made an order to the effect that claimant's existing disability was not due to the accident, but was referable solely to a preexisting gall-bladder disease. The claim was thereupon closed with the payment of ninety-five days' time loss, but with no allowance for permanent partial disability.

Claimant appealed to the joint board, stating in her notice of appeal that she was incapacitated from working and was permanently injured. A rehearing was granted, at which oral testimony was taken. At the conclusion of the rehearing, the joint board made its findings and entered an order sustaining the supervisor's finding of preexisting disease, but reversing his finding with respect to permanent partial disability. The joint board found that claimant had suffered a permanent partial disability of eight degrees, but also found that, insofar as the injury and its effect were concerned, she had been able to carry on a gainful occupation from the time when her claim was originally closed by the supervisor. The joint board thereupon directed the supervisor to reopen the claim for the allowance of eight degrees permanent partial disability, but for no further time loss. The claim was subsequently closed on that basis.

Claimant then appealed to the superior court, where

a trial was had before a jury. At the conclusion of the evidence, the court gave its instructions upon the law, but dispensed with the usual forms of verdict. Instead, a special interrogatory was propounded, requiring the jury to find whether or not claimant had sustained a permanent *total* disability attributable to the injury occasioned by the accident, as distinguished from any disability resulting from a preexisting disease. The jury answered the interrogatory in the affirmative. Motion for judgment notwithstanding the verdict or, in the alternative, for a new trial having been denied, the court entered judgment based expressly and directly upon the special finding and directed that the claim be referred to the department with instruction to proceed in accordance with the "findings of said verdict and the judgment of this court." The department thereupon took this appeal.

■ Respondent, heretofore referred to as claimant, has moved to dismiss the appeal because no proper or valid statement of facts or bill of exceptions has been timely filed.

Appellant filed in the superior court a proposed statement of facts and, a little later, a supplemental statement of facts, both of which, on motion of respondent, were ordered stricken by the court. Appellant then offered its proposed statement of facts as a bill of exceptions, to which respondent proposed certain amendments, which the court allowed. The bill of exceptions does not recite all the material evidence, but only purports to set forth so much thereof as called for a ruling by the court as to its admissibility. The court refused to certify that it had considered the departmental record, but merely certified that it had considered the exhibits taken from the departmental file and admitted in evidence.

Although the departmental record was duly filed in

the superior court and has been brought to this court as part of the transcript on appeal, there is nothing by way of a statement of facts nor by way of a finding, judgment, or certificate of the trial court showing that the cause was tried solely upon the departmental record. For aught that we can tell, there may have been evidence other than that which has been certified to us.

But this does not call for a dismissal of the appeal. It merely prevents us from determining upon what evidence the trier of the facts based its findings, and from holding that the decision of the trial court upon questions of fact was wrong. In an action tried by the court alone, there is always the question whether the findings support the judgment. *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567; *Strmich v. Department of Labor & Industries,* 186 Wash. 649, 59 P. (2d) 372; *Hunter v. Department of Labor & Industries,* 190 Wash. 380, 68 P. (2d) 224. In an action tried before a jury, there is likewise the question whether the verdict supports the judgment. And in all cases, however tried, there is the question whether the judgment is proper and valid under the law. For these reasons, the motion to dismiss the appeal is denied.

Upon the merits of the case, appellant presents ten assignments of error.

Three of the assignments are based upon alleged errors of the court in granting a trial by jury without first examining the departmental record or exercising a proper discretion, and in refusing thereafter to quash the demand for a jury.

Rem. Rev. Stat., § 7697 [P. C. § 3488], provides, among other things, as follows:

"The calling of a jury shall rest in the discretion of the court, except that in cases arising under section 7683

and 7690 [neither of which is material here] either party shall be entitled to a jury trial upon demand."

We have frequently held, in actions of this kind, that, when an issue of fact is presented, a trial by jury is appropriate and may be allowed. *Taylor v. Industrial Ins. Commission,* 120 Wash. 4, 206 Pac. 973; *Kelly v. Department of Labor & Industries,* 172 Wash. 525, 20 P. (2d) 1105; *Gatterdam v. Department of Labor & Industries,* 185 Wash. 628, 56 P. (2d) 693. But the propriety of such procedure does not render it mandatory upon the court to follow it, nor is the calling of a jury by the court controlled by the demand of either party, except in those instances designated above as being immaterial here. It is a matter that rests entirely in the sound discretion of the court.

However, the demand for a jury by either party calls for something more than mere accedence or acquiescence by the court. It puts upon the court the duty of exercising its sound discretion in a positive way, necessitating a careful consideration of whether there is, indeed, an issue of fact presented and whether the jury can reasonably be expected to aid the court in the determination of such issue. The court may inform itself as to such matters by reference to the departmental record or by any other means sufficient to acquaint the court with the issues. But, in any event, the court must first ascertain whether there is an issue of fact and what that issue is; otherwise, there can be no proper exercise of discretion in calling a jury.

From the record on appeal to this court, one might conclude that the trial court did not give the matter of calling a jury any preliminary consideration, but simply granted respondent's formal demand as a matter of course. But inasmuch as there is no statement of facts before us, we are unable to say positively that

such was the case, and we must therefore presume that a complete record would show that the court had actually done that which it should have done. Moreover, we are convinced that, in this case, there actually was an issue of fact which fully supported the action of the court in calling a jury. For these reasons, we conclude that the first three assignments of error are without merit.

Under another assignment of error, appellant contends that the evidence does not sustain the verdict or judgment. In the absence of a statement of facts or some positive finding or certificate of the court showing that the record before us contains all the material evidence, this assignment cannot be considered.

In four other assignments, appellant complains of certain instructions given by the court. These instructions involve factual issues which necessarily depend upon the evidence. For the reason stated in the preceding paragraph, these assignments cannot be considered.

■ Upon the two remaining assignments, appellant contends that the court erred in treating the verdict of the jury as binding upon the court. It is beyond question that the court did so treat the special finding. The judgment recited, *verbatim*, the interrogatory which was submitted to the jury and the answer thereto and, with such recital as its sole basis, concluded with a mandatory instruction to the department. This was error.

Rem. Rev. Stat., § 7697, from which we have quoted in part, *supra*, further provides that, on appeal from the decision of the department to the superior court, the hearing shall be *de novo*.

It has now become settled law in this jurisdiction by a series of our recent decisions that the hearing on appeal in this court is, likewise, *de novo*. *Spier v. De-*

*partment of Labor & Industries,* 176 Wash. 374, 29 P. (2d) 679; *Peterson v. Department of Labor & Industries,* 178 Wash. 15, 33 P. (2d) 650; *Dry v. Department of Labor & Industries,* 180 Wash. 92, 39 P. (2d) 609; *Zankich v. Department of Labor & Industries,* 189 Wash. 25, 63 P. (2d) 427. The hearing, though *de novo,* is, of course, upon the record made in the superior court and properly brought to this court.

If the hearing be *de novo* in this court, then, manifestly, the verdict of the jury cannot be conclusive upon us; and if it be not conclusive upon us, it cannot be conclusive upon the trial court. The situation is practically the same as in equity cases, wherein the verdict of the jury is merely advisory to the court and is so regarded on appeal. The jury may aid the court in passing on questions of fact, but its verdict is nevertheless advisory only and may be accepted or rejected by the court after mature consideration of all the evidence in the case. It may be conceded that, where additional testimony has been taken before the jury, as is sometimes done in workmen's compensation cases, the verdict of the jury may have greater weight with the court than in the ordinary case where the jury has merely listened to a reading of the evidence taken before the department; but, even in cases of the former kind, the verdict does not bind the court. To put the matter succinctly, the verdict of the jury is always advisory, and never conclusive, in cases arising under the workmen's compensation act.

The authority and duty of the court in such cases are fully and definitely prescribed by the act itself. Rem. Rev. Stat., § 7697, to which we have already adverted, contains this provision with reference to court review:

"*If the court* shall determine that the department has acted within its power and has correctly construed

the law and found the facts, the decision of the department shall be confirmed; otherwise, it shall be reversed or modified." (Italics ours.)

The matter to be specifically and finally determined, on appeal to the superior court, is whether or not the department has acted within its power and has correctly construed the law and found the facts.

By the terms of the act itself, the arbiter of those questions is the court, and not the jury. Whatever aid may be contributed by the jury on questions of fact, it is the court that, in the final analysis, must determine all the issues on which confirmation, reversal, or modification of the department's decision is to rest. That duty is not performed by mere acceptance of the jury's verdict and rendition of judgment thereon.

In the case now before us, the court did not follow the procedure nor comply with the duty prescribed by the statute, but allowed its judgment to be dictated and controlled solely by the finding of the jury. According to the certificate to the bill of exceptions, the court did not consider the departmental record, but only the exhibits taken therefrom. The court should have considered the entire record, including the departmental record, the evidence introduced in the superior court, and the finding of the jury, and then, after such consideration, should have determined whether or not the department had acted within its power and had correctly construed the law and found the facts.

The judgment is reversed, and the cause remanded to the superior court with direction to proceed in accordance with the views herein expressed.

MAIN, MILLARD, BEALS, BLAKE, ROBINSON, GERAGHTY, and SIMPSON, JJ., concur.

HOLCOMB, J., dissents.