[No. 31164.   June 7, 1950.]

FRED CHASE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Bernard A. Johnson, Assistant,* for appellant.

*Walthew, Gershon, Yothers & Warner,* for respondent.

PER CURIAM.—September 30, 1924, respondent was injured while engaged in an extrahazardous undertaking. At that time he was employed by Snow Lumber Company. His claim for compensation was allowed April 30, 1925, with a permanent partial disability award of three hundred sixty dollars. In March, 1947, he filed a claim for an aggravation of the injury, which claim was disallowed by the supervisor, whose action was affirmed by the joint board. Respondent then appealed to the superior court, where the cause was tried to a jury with the result that he was allowed additional compensation.

The state has appealed and, in so doing, has assigned as error the failure of the trial court to take judicial knowledge of a judgment dated March 1, 1949, entered in Whatcom county, in which it is claimed respondent recovered the sum of $2,680, in addition to a previous award of $1,267, as a result of an injury suffered in May, 1945, at a time when he was engaged in an extrahazardous occupation.

We are unable to consider the state's contention for the reason that a statement of facts has not been brought

[1] Reported in 219 P. (2d) 111.

to this court. A like record was presented to this court in *Hunter v. Department of Labor & Industries*, 190 Wash. 380, 68 P. (2d) 224, in which it was held:

"This leaves the record in this situation: We have before us the departmental record, but no statement of facts. To put the matter in another way, we have before us a part of the record, but in the absence of a statement of facts we can not know or say whether we have the entire record bearing upon the facts involved.

"We have definitely laid down the rule that we will not in any case say that the judgment of the trial court is wrong upon questions of fact, unless we have before us all the evidence upon which the court passed judgment, and that this fact must affirmatively appear from the record. The presumption is that the court acted upon sufficient evidence. Authorities upon this point are assembled in *Simmons v. Department of Labor & Industries*, 175 Wash. 290, 27 P. (2d) 567. See, also, *Strmich v. Department of Labor & Industries*, 186 Wash. 649, 59 P. (2d) 372.

"In the absence of a statement of facts in this case, we are unable to say upon what evidence the court based its findings, or that its findings were based solely upon the departmental record."

Based upon the case cited, we affirm the judgment in this case.