[No. 31212.   June 7, 1950.]

W. J. SIZEMORE, *Respondent*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Bernard A. Johnson, Assistant*,
for appellant.

*Walthew, Gershon, Yothers & Warner*, for respondent.

PER CURIAM.—This case involves a claim presented to
the department of labor and industries by a workman who
was injured May 26, 1944, while engaged in an extrahaz-
ardous occupation. His claim for compensation was allowed,
and during the month of September, 1945, the supervisor
of the department ordered it closed. A hearing before the
joint board resulted in the allowance of additional compen-
sation. Respondent then appealed to the superior court
of Snohomish county. A trial to a jury resulted in a verdict
which increased the amount allowed by the joint board.

From the judgment entered on the verdict, the depart-
ment has appealed. The state's contention is that the trial
court did not have jurisdiction to try the case because re-
spondent was not a resident of Snohomish county at the

[1]Reported in 219 P. (2d) 120.

time he was injured, or at the time he appealed to the superior court.

Rem. Supp. 1943, § 7697 [P.P.C. § 704-1] (now Rem. Supp. 1949, § 7697) provides:

"Within thirty days after the final order of the Joint Board upon such application for rehearing has been communicated to such appellant, or within thirty days after rehearing is deemed denied as herein provided, such applicant may appeal to the Superior Court of the county of his residence, or to the Superior Court of the county wherein the injury occurred, . . ."

It is clearly apparent that the claimant must comply with this statute. However, a statement of facts has not been filed in this case, and for that reason we are unable to consider the question presented. The only attempt to show that respondent was not a resident of Snohomish county is contained in an affidavit filed by an assistant attorney general in the office of the clerk of the superior court and contained in the transcript sent to this court. Affidavits so brought to the supreme court cannot be considered. In the absence of a statement of facts, we will assume that the court acted upon sufficient evidence. *Hunter v. Department of Labor & Industries*, 190 Wash. 380, 68 P. (2d) 224.

The judgment is affirmed.