[No. 24676. Department One. November 6, 1933.]

E. M. CHENEY, JR., *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 26 P. (2d) 393.

*The Attorney General* and *John W. Hanna, Assistant,* for appellant.

*J. O. Davies,* for respondent.

Main, J.—This is an appeal from a judgment of the superior court reversing an order of the joint board of the department of labor and industries rejecting a claim.

E. M. Cheney resided in Lewis county, where he was engaged in the business of manufacturing what are called cedar shakes. When he would receive an order for a carload of shakes, he would employ a crew and proceed to manufacture and ship them in response to the order. During the first half of the year 1931, there was no demand for shakes, and none was manufactured by Mr. Cheney. A few days prior to August 1st of that year, he received an order for a carload of shakes. Soon thereafter, he employed a crew of men, one of whom was his minor son, E. M. Cheney, Jr., who was, at the time, between sixteen and seventeen years of age. Aside from the father and son, there were two other members of the crew. The men employed were to receive $2.50 per day and board.

On the morning of August 1, 1931, the crew went to work at about eight o'clock in the morning, and the minor son worked as a member of the crew until three o'clock in the afternoon, when he sustained an injury while assisting in the moving of a log with a peavey. Thereafter E. M. Cheney, Jr., presented a claim to the department of labor and industries, which was rejected, and an appeal was taken by him to the joint board, which sustained the order of the depart-

ment. The hearing before the joint board was upon
testimony taken before an examiner designated by
the board for that purpose, and thereafter the testi-
mony was transcribed and submitted to the board.
From the order of the joint board, the claimant ap-
pealed to the superior court, with the result indicated.
No additional testimony was taken before the court.

The first question is whether the claimant was
an employee under the workmen's compensation act.
He and his father both distinctly testified that there
was an express agreement between them, made before
he went to work, that he was to receive $2.50 per day
and board, the same as the other employees, and that
he could use the money which he earned in any man-
ner that he pleased. This testimony is sustained by
Mrs. Cheney, the wife of E. M. Cheney and the mother
of the claimant. If the testimony is to be believed,
there was an express agreement between father and
son that the latter should be employed at $2.50 a day
and board, and that the son could use the money as
he saw fit.

It is said that the joint board was justified in dis-
regarding the testimony of the father and son, and
that, since the decision of the board is *prima facie*
correct and the burden is upon the one attacking it
to overcome that decision by evidence, the judgment
of the superior court should be reversed and the
order of the joint board sustained. The members of
the joint board were in no better position to weigh
and consider the testimony than was the superior
court or than are we. They did not hear the wit-
nesses testify, and received their impressions from a
transcript of the testimony. Obviously, the statute
(Rem. Rev. Stat., § 7697), which provides that the
"decision of the department shall be *prima facie* cor-

rect," although to be kept in mind, cannot have the same presumptive effect when the testimony is taken before an examiner and a transcript thereof submitted to the board, as where it is taken before one or more members of the board. After reading and considering the testimony in this case, we see no reason why it should be disregarded or disbelieved.

It is said by the appellant that the testimony of the mother comes more nearly stating the facts than that of either Mr. Cheney or the son. As we view it, there is no material difference between the testimony of the father and son and that of Mrs. Cheney. That the contract was made is amply sustained by the evidence. The fact that the son lived with the father and was supported by him up to the time this contract was made does not overcome the evidence that the contract was made.

In the case of *Hillestad v. Industrial Insurance Commission,* 80 Wash. 426, 141 Pac. 913, Ann. Cas. 1916B, 789, the situation was entirely different. That was a case where a boy under fourteen years of age was drowned while floating logs at his father's mill, and where the father sought to recover under the workmen's compensation act. It was there held: (a) That there was no employment of the boy, and he was therefore not a workman; and (b) conceding that the boy was employed by the father, the employment was wrongful and the father could not profit by his own wrong. In the present case, E. M. Cheney being more than sixteen years of age, his employment was not wrongful. Rem. Rev. Stat., § 2447.

The next question is whether the father and son had a right to make a contract such as the one above mentioned, and thereby qualify the son as a workman under the industrial insurance act. Rem.

Rev. Stat., § 7680, which is one of the sections of that act, in part provides that a minor working at an age legally permitted under the laws of this state, shall be deemed *sui juris* for the purpose of the act.

Under a similar statute, and one which was like this in meaning, the supreme court of Missouri held in *Pruitt v. Harker,* 328 Mo. 1200, 43 S. W. (2d) 769, that, for the purpose of receiving and being entitled to compensation for injuries accidentally received while performing services for another, there was no distinction made in the workmen's compensation act of that state between adults and minors, and that, for the purpose of the act, minors were deemed to be of full age. There, as here, the minor sought compensation for an injury sustained while working for his father, and in the course of the opinion it was said:

"For the purpose of receiving and being entitled to compensation for injuries received while performing services for an employer, no distinction is made between adults and minors, but for the purpose of the act in question 'minors are hereby made of full age.' In cases arising under the Compensation Act, minors are deemed emancipated by operation of law."

That case is distinctly in point, and we think the reasoning of the opinion is sound.

The case of *Aetna Life Ins. Co. v. Industrial Accident Commission,* 175 Cal. 91, 165 Pac. 15, differs from the one now before us, in that, there, while the son· was working for the father when he was injured, there was no contract, as here, that he was to receive a fixed compensation which the son could use as he saw· fit.

In the *Hillestad* case, *supra,* the question which we are now considering was distinctly reserved. In the opinion in that case, it was said:

"We are not holding that a son cannot contract with his father, or be a workman under the compensation law."

The judgment of the superior court will be affirmed.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.