[No. 24858. *En Banc.* March 28, 1934.]

J. A. SWEITZER, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 30 P. (2d) 980; 34 P. (2d) 350.

The *Attorney General* and *Browder Brown, Assistant,* for appellant.

*J. O. Davies,* for respondent.

TOLMAN, J.—Plaintiff, the respondent here, was injured on April 9, 1930, while engaged in extrahazardous employment. His claim was recognized by the department, he was given extensive treatment, paid for time lost, and finally, on August 18, 1932, the claim was closed with an allowance of five degrees or one hundred and fifty dollars, for permanent partial disability. An appeal was had to the joint board, and after a hearing thereon, the joint board approved the order of the supervisor on November 30, 1932. Thereupon, the plaintiff appealed to the superior court for Lewis county, and the case was heard by the court sitting without a jury. All of the records and files, as certified by the department, were introduced as evidence, and upon that certified record alone the case was submitted and decided, the court making findings of fact favorable to the plaintiff on which a judgment was entered increasing the award for permanent partial disability by sixty degrees and directing the payment of eighteen hundred dollars additional to the plaintiff.

The department, appealing from this judgment, has assigned errors which question the facts found by the trial court.

The findings which are chiefly questioned are as follows:

"That prior to the injury of the appellant above set forth the appellant was a strong, healthy, vigorous, able-bodied man of the age of about 58 years; that he had never, prior to said time, received any injury that in any way incapacitated him from performing hard, physical manual labor and that the appellant at the time he received his injuries was physically capable of performing hard, physical manual labor; that by reason of the injuries so received the appellant ever since said date has been wholly and entirely incapacitated from performing hard physical manual labor and is now so incapacitated and that said injuries are permanent and that the appellant will be for the rest of his life wholly and entirely incapacitated from engaging in any gainful occupation that requires hard physical manual labor or that requires him to be upon his feet or walk around for more than one hour at a time; that appellant's right hip is very weak and tires very quickly and causes the appellant constant pain and gives out entirely upon use, except for short periods of time.

"That the chief and practically only disability suffered by appellant as a result of said injuries is the injury to appellant's right hip; that appellant is suffering very little, if any, disability by reason of any injury or claimed injury to his back; that prior to the time of the injury the appellant was not suffering from any arthritis in his back or spinal column; that if the appellant is suffering from any disability by reason of arthritis of the back, and the court does not believe that he is, the said disability is due to the fact that said arthritis was either caused by the injury or aggravated and made manifest prior dormant spinal arthritis; that the appellant had no arthritis of the right hip prior to the injury and that all of the disability suffered by the appellant in his right hip is solely, wholly and entirely caused by the injuries received at the time and place aforesaid.

"That the appellant is able to do and has been able

since his case was finally closed by the Department of Labor and Industries herein on or about the 18th day of August, 1932, to do some very slight amount of work in which heavy lifting is not required or which does not require the appellant to be on his feet very long at a time, such light work as attending to a small chicken ranch. . . .

"That the appellant herein, J. A. Sweitzer, has suffered, by reason of the injuries received as hereinbefore set out, a permanent partial disability to the extent of sixty degrees in addition to the five degrees heretofore allowed him by the department; that three hundred dollars is a reasonable sum to be allowed the appellant's attorney J. O. Davies as and for attorney's fees in the prosecution of this appeal."

No witnesses testified before the trial court. The evidence there adduced consisted solely of the record of the department, containing a full history of the case and all of the evidence considered by the joint board. We are, therefore, in as good a position as was the trial court to weigh the evidence.

We have patiently and laboriously read, weighed and considered every line of a somewhat voluminous record, and find ourselves unable to say that the evidence in any respect fails to sustain the findings and conclusions reached by the joint board.

The department and its physicians and surgeons had the respondent under their care and observation for many months, gave him medical and surgical treatment, paid him for lost time for a period of over two years, and showed a commendable desire to restore the man to full health, if possible.

After receiving all of the evidence offered by the respondent, the joint board found:

"The above claim coming before the joint board in executive session this date following careful review of all records containing all the proofs on file together with transcript of testimony as taken at hearing on

September 30 and October 26, 1932, it was found that: This claim was heretofore considered by the joint board July 20, 1931, at which time the previous order of the supervisor, dated April 2, 1931, closing the claim was reversed and the claimant thereafter continued on time loss compensation.

"The claim file reveals that the claimant, 58 years of age, fell a distance of 6 feet on April 9, 1930, fracturing the crest of the right ilium, that thereafter he developed a hernia for which condition he was operated; that the claim was closed originally on March 6, 1931, with an award of 5 degrees P. P. D. That following the aforesaid hearing the claim was reopened and the claimant operated upon for a hernia on April 25, 1932; that the joint board in reversing the supervisor ordered the claimant operated upon for hernia and that his prostate gland and arthritis of the spine be treated; that the claim was closed by Dr. Miller by special examination of August 16, 1932, upon the grounds that the claimant's herniae had been successfully repaired and that the disability in the back was due to the preexisting disease of arthritis of the spine;

"That the claim file reveals further on December 29, 1931, Dr. Goodnow found the claimant suffering from a definite sacro iliac condition, whereas on February 23, 1932, he stated the claimant was suffering from arthritis of the spine;

"That at the said second Joint Board hearing the claimant contended he was totally unable to perform any hard manual labor because of pain in the right hip and weakness in the small of the back, which condition had shown little improvement since the first Joint Board hearing of July 9, 1931. He further complains of his abdominal wall being painful in the region of the hernia operations. The claimant's testimony, if believed, tended to establish a fixed condition with inability to perform any continuous hard manual labor.

"Dr. Roy Reis of Centralia stated that the claimant was totally disabled because of a preexisting disease of arthritis of the spine, aggravated by the claimant's injury of April 9, 1930, to the point where the claimant was totally disabled. He felt the claimant's disability

from the herniotomy was negligible. Dr. Reis felt that had the claimant not been suffering from the preexisting disease of arthritis of the spine prior to his injury he would not have been disabled beyond a year nor would he have sustained any P. P. D.

"Dr. A. L. Ward of Onalaska, Washington, was of the opinion that the disability suffered by the claimant was the result of soft tissue injury to the right hip rather than the effect of a preexisting arthritis and felt the claimant was totally disabled because of scar tissue in the right hip forming in the soft structures and producing pain in said member.

"And therefore ordered that in view of this divergence of medical opinion as to the nature and extent of claimant's condition, he be called to Olympia and examined by Dr. L. L. Goodnow, Chief Medical Advisor.''

Dr. Goodnow again examined respondent, and found:

"I have seen this man a number of times and his condition and complaints have always been about the same.

"Examination shows a man well along in life, 58 years of age. He stands in a stooped manner. Teeth have all been extracted. At the present time the question is of the condition of the back and sacro iliac region.

"Radiographs show, as they always have, an extensive arthritic condition all along the dorsal and lumbar spine. He has a considerable amount of anterior curvature of the dorsal region because of the arthritic changes which have taken place here.

"This man has definite complaints of the right sacro iliac region although at this time it seems to be more of the lumbosacral, but the right sacro iliac shows definite inflammatory changes due to the arthritis which is affecting the whole spine.

"This man is disabled from a diseased condition. His injury would not have disabled him more than a few months, at the most eight or ten, but for the preexisting diseased condition and the diseased condition is causing his disability at this time. He has received

five (5) degrees PPD, which in my opinion is quite adequate for any disability he may have received from his accident, and were it not for the aforesaid preexisting disease, the PPD due to the injury would not have exceeded that amount.''

Thereupon, the joint board made its final disposition of the case in the following language:

''It was found that: pursuant to the order of the Joint Board of the Department of Labor and Industries, dated November 21, 1932, the claimant was examined by Dr. L. L. Goodnow, Chief Medical Advisor, of the Department, on November 29, 1932.

''That Dr. Goodnow determined that the claimant, prior to his injury of April 9, 1930, was suffering from the preexisting disease of arthritis of the spine and that his recovery from his injury of April 9, 1930, was retarded and delayed by said preexisting disease; that had the claimant not been suffering from said preexisting disease of arthritis he would not have been temporarily totally disabled for a longer period of time than he has been already compensated for nor would he have sustained any permanent partial disability.

''That the Joint Board determines that the above case is a proper one for the application of Paragraph L, Section 7679, Remington's Compiled Statutes, relating to segregation for preexisting disease and the Joint Board accepts the segregation as heretofore made by Dr. Goodnow

''And therefore ordered that the action of the supervisor in closing the claim be sustained.''

It would seem that no good purpose will be served by attempting to review the evidence in detail, much of which is of an expert and technical nature. It is sufficient to say that the findings of the trial court are, in our opinion, contrary to the weight of the evidence, and that the judgment based thereon must be and it is reversed.

BEALS, C. J., STEINERT, GERAGHTY, and MITCHELL, JJ., concur.

BLAKE, J. (dissenting)—The record upon which the decision of the joint board was made consisted of the files of the department and the testimony, taken before an examiner, of seven witnesses for plaintiff (including two physicians). The department offered no evidence. Upon the record so made, trial was had before the superior court. Under such circumstances, the case being here for trial *de novo,* neither the decision of the joint board nor the findings of the trial court are entitled to that presumption of correctness to which they would be entitled had those tribunals heard the testimony. *Johnston v. Department of Labor and Industries,* 163 Wash. 549, 2 P. (2d) 67; *Cheney v. Department of Labor and Industries,* 175 Wash. 60, 26 P. (2d) 393.

Viewing the evidence with this in mind, I am convinced that the allowance of five degrees permanent partial disability made by the department is pitiably inadequate. The respondent received his injuries when he fell from a six or eight foot platform, landing on his back across the rail of a railroad track. He sustained a fracture of the right ilium and injuries to the muscles, ligaments and soft tissues of the hip, back and abdomen. Three hernias developed from the injuries sustained. There is also evidence showing that a pre-existing arthritic condition flared up as a result of the injuries; that this condition had not merely retarded respondent's recovery, but had rendered him wholly disabled from following any gainful occupation.

Arthritis is one of the conditions that come upon people with advancing years. With the vast majority, it does not become active to a degree to disable. The quiescent disease frequently flares up under the stimulus of injury, where otherwise one might go to the end of his natural life suffering no discomfort. In such cases (and this is one), I think it cannot be said

that the pre-existing disease retards recovery. On the other hand, it seems to me clear that the accident was the intervening cause which brought about respondent's disability. It was that which caused a latent condition to become active. It is a case of traumatic arthritis, notwithstanding the respondent's pre-disposition to the disease.

I think the judgment of the trial court should be affirmed.

MAIN, MILLARD, and HOLCOMB, JJ., concur with BLAKE, J.

### ON REHEARING.

[En Banc. July 2, 1934.]

HOLCOMB, J.—On rehearing of this case, a majority of the court conclude that the former opinion was erroneous in two particulars, and must be overruled.

On the merits, the dissenting opinion of Blake, J., concurred in by three other judges, is now adopted as the prevailing opinion without unnecessary duplication here.

The former opinion was also erroneous in another particular. It disregarded the contention of respondent that the report of Dr. Goodnow, on which the department and the majority of this court in the former decision largely based their opinions, was erroneously received in evidence.

Rem. Rev. Stat., § 7697, provides, in substance, that the rehearing before the joint board shall be *de novo* and summary, but no witness' testimony shall be received unless he is first sworn to testify the truth, etc., in the matter being heard, or unless his testimony shall have been taken by deposition according to the statutes relating to superior courts of this state. Dr. Goodnow was not called at the hearing in the superior court. He was not sworn as a witness, and under the

above cited statute, the joint board had no right to consider his report, nor did the superior court, nor this court, both of which heard the case *de novo*.

In the *Cheney* case, *supra*, [*Cheney v. Department of Labor and Industries*, 175 Wash. 60, 26 P. (2d) 393], it was held that Rem. Rev. Stat., § 7697, providing, "the decision of the department shall be *prima facie* correct,"

" . . . although to be kept in mind, cannot have the same presumptive effect when the testimony is taken before an examiner and a transcript thereof submitted to the board, as where it is taken before one or more members of the board."

The former opinion of the court is, therefore, overruled, and the judgment of the trial court affirmed.

MAIN, MITCHELL, MILLARD, BLAKE, and GERAGHTY, JJ., concur.

BEALS, C. J., TOLMAN, and STEINERT, JJ., dissent.