[No. 25286. Department Two. December 1, 1934.]

ELSIE CHURCH, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 38 P. (2d) 234.

*The Attorney General, Browder Brown, Assistant, Daniel Baker,* and *Edw. S. Franklin,* for appellants.

*Hogan & Adams* and *A. Emerson Cross,* for respondent.

BEALS, C. J.—Plaintiff, Elsie Church, is the widow of John Church, who for over twenty years was employed by Grays Harbor county as tender on the Heron street bridge in Aberdeen, his duties among other things requiring him to operate the draw span and to keep the machinery connected therewith in repair so far as he was able so to do. The bridge upon which Mr. Church was stationed is operated by three men, each serving an eight-hour shift.

During the month of March, 1933, Mr. Church was on duty from four o'clock in the afternoon until midnight. He was the senior of the three bridge tenders, George W. Hamilton at the time mentioned going on duty at the expiration of Mr. Church's shift.

It was customary for the relieving bridge tenders to present themselves at their place of duty at from fifteen to thirty minutes prior to the expiration of the preceding shift, so that any needed work could be performed by the two men working in concert. If there was nothing to do beyond the usual routine, the man to be relieved would frequently leave his post a few moments before the hour. The matter of time was equitably adjusted among the three bridge tenders to their mutual satisfaction.

Mr. Church resided with his wife, the plaintiff in this action, to whom he had been married for thirty-four years, a few blocks from the bridge, and on a night about the middle of March, 1933, the exact date being unimportant, he left his place of employment shortly before midnight and proceeded through the city of Aberdeen in the direction of his home. While crossing

a street intersection, he was struck by an automobile, sustained concussion of the brain, and died shortly thereafter as the result of the injuries which he then received.

His widow filed with the department of labor and industries her claim for a pension, the claim being rejected by the department upon the ground that, at the time of his injury, John Church was not in the course of his employment. From this departmental order, Mrs. Church appealed to the joint board, which, after a hearing, sustained the ruling of the supervisor. From the order of the joint board, Mrs. Church appealed to the superior court, which, after a hearing upon the record made before the joint board, reversed the ruling of the department and entered judgment awarding Mrs. Church the compensation provided by law. From this judgment, the department has appealed.

Appellant assigns error upon the entry of certain findings of fact, upon the conclusions of law made by the court following its findings, and upon the entry of judgment in respondent's favor. Appellant also contends that the trial court disregarded the statute providing that, upon appeals to the courts, the decision of the department shall be deemed *prima facie* correct, and that the burden of proof shall rest upon the person attacking the same, appellant also contending that the trial court accorded undue weight to the credibility of respondent's witness George W. Hamilton, and that the court further committed error in finding that respondent had sustained the burden of proof placed upon her by law.

The sole question of fact to be determined herein is: Was the deceased in the course of his employment at the time of his death? The trial court found that he was, and appellant vigorously attacks this finding.

George W. Hamilton was the bridge tender holding

the shift following Mr. Church. Mr. Hamilton at the departmental hearing testified that, on the night Mr. Church received the injuries resulting in his death, he, Hamilton, arrived at his post about thirty minutes before midnight, and that, within a few minutes after his arrival, Mr. Church departed for home. Mr. Hamilton also testified that, upon his arrival at the bridge, he found Mr. Church endeavoring to make some repair in connection with the cable which operated the jack, experience having demonstrated that the clamp on the cable was not holding properly; that Mr. Church stated that he had at his home a better clamp, and that he would forthwith go home for this clamp and return to the bridge to make the necessary repair. Mr. Church lived only four blocks from the bridge, and he would have had time to go to his home and return to the bridge before midnight, when his shift would end.

Mr. Church was unquestionably on his way home when he met with the accident which resulted in his death. The only testimony in the record to the effect that Mr. Church intended to return to the bridge before midnight with the clamp intended to improve the operation of the cable was that given by Mr. Hamilton. The trial court believed Mr. Hamilton's testimony, and found the facts as above stated; from which it concluded that Mr. Church was, at the time he was injured, in the course of his employment, and that, consequently, respondent was entitled to her pension.

Appellant introduced evidence to the effect that, a few days after the accident and prior to the time that respondent presented her claim, a representative of the department interviewed Mr. Hamilton, who did not at that time report that Mr. Church, when he left the bridge, intended to return, bringing with him an appliance to be used in the repair of the bridge machinery. Mr. Hamilton testified that he had not men-

tioned the matter of the clamp to the representative of the department because he was not asked about any such matter, and that he, Hamilton, did not know that the agent who spoke to him was representing the department. It appears that the emergency which rendered necessary the use of a new clamp was not acute, and that the condition which rendered repair of the machinery advisable had not arisen suddenly.

It is evident that the joint board did not credit Mr. Hamilton's testimony, and that, on the contrary, the superior court believed that he was telling the truth.

■ Appellant contends that the trial court gave Mr. Hamilton's testimony too much weight, and that this court should hold that the record was insufficient to warrant the overturning of the order of the joint board, aided as it was by the statutory presumption.

While it is true that the superior court, in a memorandum opinion, referred to a personal acquaintance with Mr. Hamilton, we find no warrant for holding that, in weighing the evidence, the court went beyond the authority vested in it by law. From the record before us, we hold that the trial court properly found that Mr. Church, at the time he was injured, was on his way to his home to procure an appliance with which he intended to immediately return to the bridge, the appliance to be then used, if possible, in making the proper and necessary repair. It follows that the deceased, at the time he was injured, was in the course of his employment (*Hobson v. Department of Labor and Industries,* 176 Wash. 23, 27 P. (2d) 1091) and that the trial court was justified in finding that, on the record, it should be held that the statutory presumption in favor of the joint board had been overcome.

■ Appellant argues that the *prima facie* presumption in favor of the ruling of the department

should prevail. We agree that this presumption attends the departmental order throughout, and that the same should at all times by the superior court and by this court be given due consideration.

In the case at bar, the evidence passed on by the joint board was taken before an examiner, and appellant invites us to reconsider the rule which we laid down in *Cheney v. Department of Labor and Industries,* 175 Wash. 60, 26 P. (2d) 393, as applicable in such cases. While it is true that the *prima facie* presumption applies to an order of the joint board whether the same be based upon a hearing before the board or upon evidence taken before an examiner, it is only reasonable that, on judicial review, an order has somewhat more weight when considered in connection with a case in which the joint board actually saw and heard the witnesses. The rule laid down in the *Cheney* case goes no further than this, and we see no occasion for modifying the doctrine therein promulgated.

Finding no error in the record, the judgment of the superior court is affirmed.

MITCHELL, HOLCOMB, STEINERT, and BLAKE, JJ., concur.