[No. 29745. *En Banc.* February 1, 1946.]

C. R. Dick, *Appellant,* v. The Department of Labor and Industries, *Respondent.*[1]

*Griffin & Gershon* and *Russell F. Stark,* for appellant.

*The Attorney General* and *Rudolph Naccarato, Assistant,* for respondent.

Jeffers, J.—Plaintiff, C. R. Dick, sustained injuries while engaged in extrahazardous work. He filed a claim with the department of labor and industries. On November 3, 1943, the supervisor made and entered an order closing the claim with an allowance to claimant of $992 permanent partial disability. Plaintiff, not being satisfied with the above allowance, on November 22, 1943, made application to the joint board for a rehearing, asking that he be awarded

[1]Reported in 165 P. (2d) 853.

additional permanent partial disability compensation. The above application was granted, and on October 27, 1944, the joint board entered an order allowing claimant $360 additional permanent partial disability. Not being satisfied with the order of the joint board, claimant appealed to the superior court for King county.

The cause came on for trial before the court and jury. The trial court, in some twenty comprehensive instructions, submitted to the jury the issues involved in the case. The jury returned a verdict in favor of the department. From a judgment entered on the verdict, wherein the jury found the order of the joint board was correct, the claimant has appealed to this court.

Appellant's only assignment of error is based upon the refusal of the court to give the following requested instruction:

"You are instructed that, with respect to the provisions of the state law to the effect that the decision of the department is *prima facie* correct, it must be borne in mind, however, that such decision does not have the same presumptive effect when the testimony is before an examiner, and where a transcript of the testimony is submitted to the joint board, as compared to the case where it is taken before one or more members of the board.

"You are instructed in this regard that in the instant case the testimony was taken before an examiner, and not before any one or more members of the board."

The trial court gave instruction No. 7, which is as follows:

"You are instructed that the decision of the defendant, department of labor and industries, is *prima facie* correct, *and that the burden is on the plaintiff to establish by a fair preponderance of the evidence that its decision is erroneous.*

"By 'prima facie' is meant at first sight, and this presumption persists in this case only until the plaintiff has introduced credible evidence to the contrary.

"By 'burden of proof' is meant the burden of producing evidence which fairly preponderates over the opposing evidence.

"By a 'preponderance of the evidence,' which is required to establish a disputed fact, is simply meant that the evidence which the party produces in favor of the fact which he alleges and which is denied by his opponent is more

weighty, convincing and satisfactory than the proof adduced by the other party to overcome such affirmative evidence. It does not require a greater number of witnesses to produce a preponderance of the evidence, but it does require evidence of greater weight.

"If, from the evidence, you are unable to say or determine that it preponderates for the plaintiff or defendant then your verdict must be for the defendant." (Italics ours.)

Appellant took no exception to the above instruction; in fact, Mr. Griffin, attorney for appellant, stated:

"The only exception I have to take in this case, if the Court please, is to the failure of the Court to give my requested instruction No. 4."

Rem. Supp. 1943, § 7697 [P. P. C. § 704-1], in so far as here material, provides:

"In all court proceedings under or pursuant to this act the decision of the Department shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same."

Appellant bases his contention that he was entitled to have the proposed instruction given, upon what this court has stated in the following cases relative to the *prima facie* correctness of the decision of the joint board where the testimony is taken before an examiner and the joint board has before it only the transcribed record: *Cheney v. Department of Labor & Industries,* 175 Wash. 60, 26 P. (2d) 393; *Spier v. Department of Labor & Industries,* 176 Wash. 374, 29 P. (2d) 679; *Sweitzer v. Department of Labor & Industries,* 177 Wash. 28, 30 P. (2d) 980, 34 P. (2d) 350; *Peterson v. Department of Labor & Industries,* 178 Wash. 15, 33 P. (2d) 650; *McKinnie v. Department of Labor & Industries,* 179 Wash. 245, 37 P. (2d) 218; *Dry v. Department of Labor & Industries,* 180 Wash. 92, 103, 39 P. (2d) 609; *Rikstad v. Department of Labor & Industries,* 180 Wash. 591, 41 P. (2d) 391; *Zankich v. Department of Labor & Industries,* 189 Wash. 25, 63 P. (2d) 427; *Matson v. Department of Labor & Industries,* 198 Wash. 507, 88 P. (2d) 825; *Peterson v. Department of Labor & Industries,* 22 Wn. (2d) 647, 157 P. (2d) 298.

The testimony in the instant case was taken before an examiner.

It should be kept in mind that the granting of a jury to try cases involving the workmen's compensation act was discretionary with the trial court until 1939, when Rem. Rev. Stat. (Sup.), § 7697-2 [P. P. C. § 704-3], was passed.

All of the above-cited cases, with the exception of *Peterson v. Department of Labor & Industries,* 22 Wn. (2d) 647, 157 P. (2d) 298, were tried to the court, and the question of whether or not an instruction such as here requested was proper could not have been raised; and in the *Peterson* case it does not appear from the record that any instruction such as here requested by appellant was presented. In fact, we have found no case prior to the instant case in which such an instruction was requested.

Let us look at the case of *Cheney v. Department of Labor & Industries, supra,* which is the first case cited by appellant wherein a statement is made relative to what might be termed a limitation upon the rule relative to the *prima facie* correctness of the decision of the joint board, and see under what circumstances such a statement was made. We quote from the *Cheney* case:

"The first question is whether the claimant was an employee under the workmen's compensation act. He and his father both distinctly testified that there was an express agreement between them, made before he went to work, that he was to receive $2.50 per day and board, the same as the other employees, and that he could use the money which he earned in any manner that he pleased. This testimony is sustained by Mrs. Cheney, the wife of E. M. Cheney and the mother of the claimant. If the testimony is to be believed, there was an express agreement between father and son that the latter should be employed at $2.50 a day and board, and that the son could use the money as he saw fit.

"It is said that the joint board was justified in disregarding the testimony of the father and son, and that, since the decision of the board is *prima facie* correct and the burden is upon the one attacking it to overcome that decision by evidence, the judgment of the superior court should be reversed and the order of the joint board sustained. The

members of the joint board were in no better position to weigh and consider the testimony than was the superior court or than are we. They did not hear the witnesses testify, and received their impressions from a transcript of the testimony. Obviously, the statute (Rem. Rev. Stat., § 7697), which provides that the 'decision of the department shall be *prima facie* correct,' although to be kept in mind, cannot have the same presumptive effect when the testimony is taken before an examiner and a transcript thereof submitted to the board, as where it is taken before one or more members of the board. After reading and considering the testimony in this case, we see no reason why it should be disregarded or disbelieved."

In *Dry v. Department of Labor & Industries, supra,* we stated:

"The statute (Rem. Rev. Stat., § 7697 [P. C. § 3488]), provides that the decision of the department must be considered as *prima facie* correct. It must be borne in mind, however, that it can not have the same presumptive effect when the testimony is before an examiner."

Then follows the quotation from *Cheney v. Department of Labor & Industries,* set out above.

Practically the same statement made in the *Cheney* and *Dry* cases above referred to will be found in the other cases cited by appellant, until we come to the case of *Zankich v. Department of Labor & Industries, supra,* wherein is found a further statement relative to so-called limitation. We quote from the *Zankich* case:

"In reiterating this rule, we are mindful of our recent decisions holding that the decision of the department does not have the same presumptive effect when the testimony is taken before an examiner and a transcript thereof submitted to the joint board, as it does when the testimony is taken before one or more members of the board. *Cheney v. Department of Labor & Industries,* 175 Wash. 60, 26 P. (2d) 393; *Sweitzer v. Department of Labor & Industries* (on rehearing), 177 Wash. 28, 36, 30 P. (2d) 980, 34 P. (2d) 350; *Peterson v. Department of Labor & Industries,* 178 Wash. 15, 33 P. (2d) 650; *Dry v. Department of Labor & Industries,* 180 Wash. 92, 39 P. (2d) 609; *Rikstad v. Department of Labor & Industries,* 180 Wash. 591, 41 P. (2d) 391. These same cases, however, also hold that, when the testimony is

taken before an examiner, neither the joint board *nor the trial court* is in any better position to weigh and consider the testimony than is this court; and, further, that, on appeal to this court, the cause is to be heard *de novo*.

"Even though there is a limitation upon the presumptive effect of the department's decision, under the circumstance just mentioned, *the presumption still obtains to the extent that the burden is upon the party attacking the decision, and he must show by the preponderance of the evidence that the decision is incorrect.* Furthermore, a contrary decision by the trial court, upon the admitted record, without additional testimony, does not of itself destroy the presumptive effect of the department's decision. The cause comes to us to be tried *de novo* with the same presumption attaching here as attached before the trial court, and the burden of proof still rests upon the party attacking the decision of the department." (Italics ours.)

It will be noticed that, under the rule announced in the case last cited, the effect of the limitation is that

". . . the presumption still obtains to the extent that the burden is upon the party attacking the decision, and he must show by the preponderance of the evidence that the decision is incorrect."

We again call attention to instruction No. 7, given by the court in the instant case, in which the jury were instructed:

"You are instructed that the decision of the defendant, department of labor and industries, is *prima facie* correct, *and that the burden is on the plaintiff to establish by a fair preponderance of the evidence that its decision is erroneous.*" (Italics ours.)

This instruction, as given, in our opinion specifically covers what is required of the one who is attacking the decision of the joint board, where the testimony is taken by an examiner.

We are of the opinion that the conclusion last above stated finds further support in the case of *Cooper v. Department of Labor & Industries*, 195 Wash. 315, 80 P. (2d) 830, not cited by appellant, wherein we stated:

"It is true that this court is committed to the rule that the departmental decision does not have the same presump-

tive effect when such testimony is taken before examiners and a transcript thereof is presented to the joint board, that it does when the testimony is taken before one or more members of the board.

"Under Rem. Rev. Stat., § 7697 [P. C. § 3488],

" ' . . . the decision of the department shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same . . . '

"Even though this matter was heard before the examiners, the decision of the department is to be considered as *prima facie correct, and the burden of proof still is upon the party attacking the same.*" (Italics ours.)

We also call attention to the case of *McLaren v. Department of Labor & Industries,* 6 Wn. (2d) 164, 107 P. (2d) 230, not cited by appellant. The opinion in the cited case was filed November 9, 1940, which was after the act giving to either party the right to demand a jury was passed. A jury was called in this case, but we held only in an advisory capacity, as at the time the court passed upon the motion the act granting to either party the right to a jury had not become effective. However, the jury returned a verdict in favor of the claimant, and thereafter a motion for judgment notwithstanding the verdict was made and granted, for the reason that there was not sufficient proof the claimant died as a result of the injury received. We quote from the opinion:

"It is said in the memorandum opinion of the trial court that none of the decisions of this court has definitely stated the character of the presumptive effect of the decisions of the department when the evidence is taken before an examiner and merely read by the joint board. The presumptive effect in such circumstances must be determined from a construction of the statute above quoted [Rem. Rev. Stat., § 7697]:

" 'The decision of the department shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same. . . . '

"This language is simple and direct. It means that, if, in the opinion of the *reviewing court,* the evidence as to a factual issue is evenly balanced, the finding of the department as to that issue must stand; but, if the evidence produced by the party attacking the finding preponderates

in any degree, then the finding should be set aside. In *Ivey v. Department of Labor & Industries,* 4 Wn. (2d) 162, 102 P. (2d) 683, a case decided since the trial judge rendered his memorandum opinion [in *McLaren* case], we said, in construing the statute above quoted:

" 'They [the appellate courts] must accept the determination of the department as *prima facie* correct, and only to be set aside if the burden of proof has been met by the party attacking it; . . .' " (Italics ours.)

As will be noticed, appellant cites the case of *Peterson v. Department of Labor & Industries,* 22 Wn. (2d) 647, 157 P. (2d) 298, and in his brief quotes from the opinion in the cited case. We are of the opinion the *Peterson* case is not controlling or helpful in deciding the question now before us, for the following reasons:

In the first place, the opinion states:

"The assignments of error are: In refusing to grant a motion made at the beginning of the trial and before evidence was introduced to take the case from the jury; in the giving of three instructions; and in the allowance of attorney's fees."

The opinion further states:

"The only question presented by appellant's first assignment of error is the right on the part of an employee to question the allowance of compensation for permanent total disability."

In the second place, it appears from the opinion that proper exceptions were not taken to the instructions given by the court, and therefore the second assignment of error could not be considered. However, it does not appear from the opinion that the instructions objected to related in any way to the *prima facie* correctness of the joint board's decision. The last assignment of error relates to fees allowed counsel for respondent.

It is thus apparent that, if anything was said in the cited case contrary to the rule announced in the *Zankich, Cooper,* and *McLaren* cases, relative to the *prima facie* correctness of the decision of the joint board where the evidence is taken by an examiner, it is only dictum.

■ We are of the opinion that it would not be proper for the court to give the instruction proposed by appellant in any case. Such an instruction would, in our opinion, only tend to confuse the jury.

■ We are further of the opinion that, where evidence is taken before an examiner and a transcript thereof made, which the joint board thereafter reads and considers, and upon appeal to the superior court a jury is called to consider the evidence, in so far as the *prima facie* correctness of the decision of the joint board is concerned, bearing in mind what we have stated relative thereto when the evidence is taken by an examiner, it is sufficient to instruct the jury as was done in the instant case by instruction No. 7:

"You are instructed that the decision of the defendant, department of labor and industries, is *prima facie* correct, and that the burden is on the plaintiff to establish by a fair preponderance of the evidence that its decision is erroneous."

Concluding as we do that the trial court committed no error in refusing to give the requested instruction, the judgment of the trial court is affirmed.

DRIVER, C. J., BEALS, STEINERT, and ROBINSON, JJ., concur.

MILLARD, J., concurs in the result.

BLAKE, MALLERY, and SIMPSON, JJ., dissent.