[No. 31126.   Department Two.   December 27, 1949.]

FRANK LINDSEY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 213 P. (2d) 316.

*The Attorney General* and *J. Arnold Cobley, Assistant,* for appellant.

*Walthew, Gershon, Yothers & Warner,* for respondent.

HILL, J.—This is an appeal by the department of labor and industries from a judgment entered on the verdict of a jury finding that a claimant's total permanent disability was attributable to an injury which occurred on May 6, 1943, in the course of his employment.

On that date, the claimant struck his right thigh against a steel projection. His claim was closed on August 9, 1943, with seven days' time loss. There was no protest or appeal. On April 19, 1944, he suffered a stroke which resulted in the paralysis of the right side of his body. It seems to be undisputed that he is now totally and permanently disabled, the question being whether there was a causal relationship between the injury of May 6, 1943, and the total permanent disability.

■ The department, as appellant here, presents a question of fact and several law questions. On the facts the question is: Was there substantial evidence to sustain the verdict? *Omeitt v. Department of Labor & Industries*, 21 Wn. (2d) 684, 152 P. (2d) 973.

The doctor under whose care claimant had been immediately following the injury but who did not see him thereafter until May of 1946, testified that, from his personal observation, there was a thrombophlebitis in the thigh as a consequence of the injury of May 6, 1943, and that it was his opinion, from a description of what subsequently happened as detailed by the claimant, that an embolus, or clot, small enough to pass through the heart and lungs, broke off from that thrombus and finally lodged where it cut off circulation to that part of the brain controlling the right side of the body, resulting in the stroke and the total disability. Two doctors called by the department testified that that could not have happened, and that they could see no causal relationship between the injury of May 6, 1943, and the stroke.

■ The jury believed the claimant's doctor, and we are not able to say, as we did in *Tonkovich v. Department of Labor & Industries*, 31 Wn. (2d) 220, 195 P. (2d) 638, that the testimony of the claimant's doctor was "unmistakably erroneous." There was substantial evidence, including objective evidence, of the existence of thrombophlebitis in the thigh to support the verdict of the jury. See *Knowles v. Department of Labor & Industries*, 28 Wn. (2d) 970, 184 P. (2d) 591; see, also, annotation on "Sufficiency of expert evidence to establish causal relation between accident and physical condition or death," 135 A. L. R. 516.

■ The department urges upon us that the statement in the department's file made by the doctor who treated the claimant at the time of his stroke, in April, 1944, indicates that there was no causal relationship between the injury of May 6, 1943, and the stroke in April, 1944. This doctor did not testify before the joint board and his report in the departmental record was not before the jury; therefore, under

our repeated decisions, such evidence cannot be considered by this court. *Sweitzer v. Department of Labor & Industries,* 177 Wash. 28, 30 P. (2d) 980, 34 P. (2d) 350; *Hutchings v. Department of Labor & Industries,* 24 Wn. (2d) 711, 167 P. (2d) 444; *Olympia Brewing Co. v. Department of Labor & Industries,* 34 Wn. (2d) 498, 208 P. (2d) 1181.

The principal question of law raised by the department is: Can there be an aggravation of disability where the claim was originally closed with only time loss and no finding of any continuing disability?

The department relies upon the language of the workmen's compensation act relative to claims for aggravation:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the Director of Labor and Industries, through and by means of the Division of Industrial Insurance, may, upon the application of the beneficiary, made within five years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment. . . ." Rem. Supp. 1947, § 7679 (h).

The department says there can be no aggravation of a disability, as defined by the statute, if the claim was closed without any finding of a then existing disability; in other words, that there can be no aggravation of a disability unless there was, at the time of the closing of the claim, a disability to become aggravated. The department, however, overlooks the fact that there must have been a disability to warrant the payment of time loss; and the mere closing of a claim without a finding of a then existing disability should not bar relief when the disability, though originally deemed to have been terminated at the time of the closing of the claim, is thereafter shown to have been aggravated to such an extent as to impair the claimant's earning capacity.

There is no merit in the department's claims that the

closing of the claim with time loss only is *res judicata* that there was no disability, or that the one-year limitation contained in the statute applies. The order closing the claim established that there had been a disability which had caused seven days' time loss, and it cannot be *res judicata* as to any increase or aggravation of disability subsequent to that date. Obviously, if we are dealing with an aggravation of a disability, the five-year limitation in the portion of the statute quoted *supra* is applicable.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.

