[No. 31952.  Department Two.  July 3, 1952.]

DAVID J. GOEHRING, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Durham & Guimont*, for appellant.

*The Attorney General* and *Walter F. Robinson, Jr.*, *Assistant*, for respondent.

HAMLEY, J.—The question before us is one of fact:  Was David J. Goehring's physical condition aggravated between November 15, 1946, and June 9, 1948, as a result of an injury sustained on October 1, 1945?

Goehring fell from a scaffolding on October 1, 1945, while engaged in extrahazardous work as a painter.  He sustained a severe injury to the lower lumbar spine, a left sacroiliac slip, and injuries to the left hip and leg.  A claim

[1] Reported in 246 P. (2d) 462.

was filed with the department of labor and industries, and allowed. Compensation for time loss was allowed to December 25, 1945, but there was no award for permanent partial disability.

Goehring appealed to the joint board from this order, and a rehearing was granted. On November 15, 1946, the joint board remanded the claim to the supervisor for payment and closure in accordance with the terms of a settlement agreed upon between the parties. In conformity with this order, Goehring was awarded permanent partial disability compensation of fifty per cent of the maximum for unspecified injuries and fifteen per cent amputation value of the left leg at the hip, in addition to compensation for time loss from June 19, 1946, to August 5, 1946.

On June 9, 1948, Goehring, representing that his physical condition had become aggravated since November 15, 1946, filed the instant application to reopen his claim. This application was denied by the supervisor on September 22, 1948. An application for rehearing before the joint board was then filed and granted. Two hearings were held before an examiner for the joint board, at which the testimony of Goehring and Dr. Francis H. Brown, called by Goehring, was received. A third hearing was held before an examiner for the board of industrial insurance appeals (successor to the joint board), at which the testimony of Dr. George T. Wallace, called by the department, was received.

The board of industrial insurance appeals reviewed the record and made a finding that Goehring's condition did not become aggravated after his claim was closed on November 15, 1946, as the result of the injury sustained. The board accordingly sustained the supervisor's order of September 22, 1948. On appeal, the trial court made a similar finding of fact. Judgment was therefore entered sustaining the order of the board. Goehring appeals. All of his assignments of error, in effect, challenge this finding of fact by the trial court.

■ The hearings in the superior court are *de novo*. RCW 51.52.115 (Rem. Supp. 1949, § 7697). However, the

statute referred to provides that, in all court proceedings of this nature, the findings and decision of the board shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same.

█ Where, as here, the members of the board did not personally see and hear the witnesses, this statute does not have the same presumptive effect as it would otherwise have. *Cheney v. Department of Labor & Industries*, 175 Wash. 60, 26 P. (2d) 393. This does not mean that in such case there is no presumption in favor of the findings of the board. The rule to be applied under these circumstances is stated in *McLaren v. Department of Labor & Industries*, 6 Wn. (2d) 164, 168, 107 P. (2d) 230, as follows:

"If, in the opinion of the reviewing court, the evidence as to a factual issue is evenly balanced, the finding of the department [now board of industrial insurance appeals] as to that issue must stand; but, if the evidence produced by the party attacking the finding preponderates in any degree, then the finding should be set aside."

The evidence will be reviewed with this rule in mind.

The specific issue is whether Goehring's condition became aggravated after November 15, 1946, and prior to his application to reopen his claim on June 9, 1948, as the result of the original injury. If some aggravation due to the original injury occurred during that period, then the extent of aggravation up to the date of the supervisor's order of September 22, 1948, would be in issue. *Karniss v. Department of Labor & Industries*, 39 Wn. (2d) 898, 239 P. (2d) 555; *Kleven v. Department of Labor & Industries, ante* p. 415, 243 P. (2d) 488.

Dr. Brown is a general practitioner of medicine, and was Goehring's attending physician at the time of the original injury. He examined and treated Goehring several times between October, 1945, and May, 1946. The treatment consisted of strapping the back and ordering a back brace. The patient was not hospitalized at any time. An X ray was taken on August 5, 1946. In preparation for the hearing before the joint board, Dr. Brown examined Goehring again on June 9 and December 3, 1948, and made use of

new X rays which were taken just prior to these examinations.

Dr. Brown testified that the June, 1948, X ray showed a slight compression fracture of the fifth lumbar which did not show in the earlier X ray, though it may actually have existed at that time. This "gouged out" appearance of the fifth lumbar does not appear in the December, 1948, X ray, but the latter X ray shows a definite increase in the amount of calcium deposited in this area. He stated that the 1946 X ray showed a spurring formation on the fifth lumbar, which indicates arthritis. The December, 1948, X ray showed an increase in this spurring condition which, according to Dr. Brown, suggested hypertrophic arthritis.

Dr. Brown testified that his later examination of Goehring indicated aggravation of pain, in view of the fact that the patient held himself more rigidly in trying to perform any movement with his back or left leg. While muscle spasm was observable in 1946, the witness expressed the opinion that this had become aggravated. Regarding Goehring's complaint of increased pain, Dr. Brown stated that the patient was possibly more sensitive on account of two years passing. The aggravation of Goehring's symptoms was due to "this constant dragging pain," according to the witness. Dr. Brown remarked, however, that "of course he is a little bit older." This same consideration was mentioned, on cross-examination, with reference to sensitiveness of skin, when Dr. Brown stated:

"I could only say this, that in a general way he was older that the condition was older, and that it was aggravated."

Based on the information given to him by appellant, and upon his own observations and examinations, Dr. Brown stated that Goehring's physical condition, which had now become permanent, indicated aggravation to the extent that there was now one hundred per cent disability of the back and left leg.

Goehring, testifying in his own behalf, stated that his condition began to get worse in February, 1948. Since then, according to appellant, he has only been able to do odd jobs

which could be done in an hour or an hour and a half. He has occupied himself as a contractor on small paint jobs, and has been forced to confine his own work to a limited amount of inside painting. Goehring testified that his left back had become stiffer than formerly, and that the pain had become constant.

Dr. Wallace, who was called by the department, has had special training in the field of orthopedics and specializes in that branch of medicine. At the request of the department, Dr. Wallace examined Goehring on August 23, 1948. He gave the following testimony regarding his findings and conclusions:

"The patient was complaining of pain to the left lumbosacral joint which radiated into the back of the left thigh and left calf and the left foot. He stated he had been unable to perform any regular work since his injury in October— since his injury in 1945. He stated that the long finger of the right hand becomes white and cold. He has never injured this finger to his knowledge. He states that this back pain frequently wakens him at night after he is asleep. He had some pain in the morning when he arose from bed. The lumbosacral support which he had worn for the low back pain had not proved of any benefit to him. Bending and lifting seemed to aggravate the pain. He believed that the pain was worse now than previously. The patient was awarded, according to the records, $2400 for permanent partial disability because of his low back pain. The examination was conducted to determine whether or not there was sufficient evidence to warrant reopening of his claim for further compensation. Physical examination of the individual at that time revealed no atrophy of either thigh or calf. The motion of the low back was entirely within normal limits. Straight leg raising was negative for sciatica. In general the tests we performed for low back pain were all negative. X-rays similarly were reviewed which had been taken previously and these were also within normal limits. There was some osteoarthritic change, but we considered this as being comparable with the patient's age. It was our opinion that there were insufficient findings at the time of this examination to reopen the case for a disability award. We felt that the man had been adequately compensated. The only evidence that we had to reopen the case was the patient's own testimony—his own description of his pain

and his disability. These were in no way substantiated by the clinical findings."

The general considerations bearing upon the weight to be accorded to the two medical witnesses seem to be about evenly balanced. Dr. Brown had the advantage of his earlier examinations and treatment of Goehring in 1945 and 1946. He also apparently had access to X rays taken in June and December, 1948, which were not available to Dr. Wallace. On the other hand, Dr. Wallace was a specialist in the field of orthopedics. He also subjected Goehring to a series of tests to determine the extent of disability and pain.

While Dr. Brown several times spoke of the "aggravation" of Goehring's injuries, he did not specifically testify that appellant's worsened physical condition was due to the original injury. This causal connection may be inferred from the use of the term "aggravation" where the testimony of the witness, read as a whole, warrants such an inference. However, there is much in Dr. Brown's testimony to support the contrary conclusion that Goehring's aggravated condition was due primarily to advancing age and continued normal development of pre-existing active arthritis. At the very least, we are unable to say that Dr. Brown's testimony outweighs Dr. Wallace's expressed opinion that the osteoarthritic change was comparable with the patient's age.

Aside from arthritis, the only other objective symptoms of aggravation have to do with the compression fracture of the fifth lumbar, and muscle spasm. Dr. Brown frankly conceded that the compression fracture may actually have been present at the time of the original X ray, though for a variety of possible reasons it did not show in that X ray. While Dr. Brown testified to an increase in muscle spasm, he did not state that this increase was attributable to the original injury.

Both doctors properly gave consideration to Goehring's statement of his symptoms, pain, and disability. It seems to us, however, that whereas Dr. Brown seemed to rely heavily upon appellant's statement of subjective symp-

toms, Dr. Wallace gave such statements less credence where not confirmed by objective findings. We are of the view that, in this respect, the testimony of Dr. Wallace is entitled to the greater weight.

Appellant is critical of a statement by Dr. Wallace to the effect that the examination was conducted to determine whether or not there was sufficient evidence to warrant re-opening of his claim for further compensation. His testimony read as a whole, however, indicates that Dr. Wallace conducted his examination for the purpose of determining whether aggravation of disability had taken place, and if so, to what extent. This was the precise issue before the department and board. RCW 51.32.160 (Rem. Supp. 1949, § 7679(h), as amended by chapter 115, § 5, p. 289, Laws of 1951).

In view of the foregoing considerations, it is our opinion that the evidence produced by appellant does not preponderate in any degree against the findings of the board or of the trial court.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, FINLEY, and OLSON, JJ., concur.